### No. 877

### TIMBERMAN v. STATE

Ohio Supreme Court

No. 17589. Decided March 13, 1923

Error to Court of Appeals of Lorain County

### 129. CRIMINAL LAW.

Not error to overrule general objection to question containing objectionable items.

ALLEN, J.

#### Epitomized Opinion

Timberman was indicted upon the charge of soliciting and accepting a bribe from one Virant for the purpose of giving the latter police protection in illicit liquor traffic while Timberman was Safety Director of Lorain. At the trial, Virant, who was chief witness for the state, was unwilling to testify and the prosecutor in cross-examining Virant asked him over the objection and exception of Timberman's attorney if, at the Grand Jury hearing, he had not been questioned regarding an affidavit which the prosecutor then read. This affidavit was an admission that Timberman had asked for police protection and also contained the following sentence: "I am positive my father and mother had to pay C. C. Timberman money for police protection, but I don't know the amount paid." Timberman's attorney objected generally to the question, but did not specify the item. In affirming the judgment for the conviction the Supreme Court held:

1. "Where evidence included in a question consists of several items, part admissible and part objection-

able, and an objection is interposed to the question generally without pointing out the particular item which is objectionable, it is not reversible error to overrule the objection and admit the question as a whole."

Attorneys—Wesley L. Grills, Lorain, for Timberman; L. H. Webber, Elyria, and C. F. Adams, Lorain, for State.

---

### No. 878

### KRUSOCZKY v. STATE

Ohio Supreme Court

No. 17896. Decided June 26, 1923

Error to Court of Appeals, Montgomery County

### 225. INTOXICATING LIQUOR.

Affidavit charging the crime of possession need not state "for beverage purposes." Crabbe Act constutional.

DAY, J.

#### Epitomized Opinion

Defendant was convicted in the Municipal Court of Dayton of the illegal possession of intoxicating liquor. The conviction was affirmed by the Court of Appeals and defendant brings error to this court, contending that the affidavit was defective because, to the charge that defendant unlawfully possessed intoxicating liquor, it failed to add "for beverage purposes or as a beverage." Held:

1. The affidavit was sufficient to charge an offense under 6212-15, 6212-16, 6212-17 GC. (Crabbe Act). To charge unlawful possession is all that is required to state an offense under that act. Elson c. State, 32 OCA. 481. The legislature did not intend to create a middle ground whereby intoxicating liquor not lawfully possessed in accordance with the terms of the statute might be lawfully possessed for non beverage purposes.

2. 6212-15 and 6212-16 GC. are not in contravention of the 18th amendment of the U. S. Constitution or of Section 9 of Article 15 of the Constitution of Ohio.

Attorneys—Egan & Delscamp, of Dayton, for Krusoczky; John B. Harshman, City Atty., Walter V. Snyder, Howard F. Heald, Lester L. Cecil, Albert H. Scharrer, Pros. Atty., and Paul J. Wortman, all of Dayton, for State.