PEOPLE v. SPENCE.

1. INDICTMENT AND INFORMATION—AMENDMENTS.

In prosecution for negligent homicide under Act No. 98, Pub. Acts 1921, the trial court properly allowed, before jury was impaneled, amendment of the information setting forth with greater particularity the specific acts relied on (section 76, chap. 7, Act No. 175, Pub. Acts 1927).

2. CRIMINAL LAW—NEGLIGENT HOMICIDE—MOTOR VEHICLES—TRIAL —INSTRUCTIONS—NEGLIGENCE.

In prosecution for negligent homicide under Act No. 98, Pub. Acts 1921, it was error for the trial court to instruct the jury, in effect, that if defendant was exceeding the speed limit

fixed by the motor vehicle act (Act No. 318, Pub. Acts 1927, § 5, subd. [*b*]), he was guilty of negligence *per se*, since section 3 of the act under which defendant was prosecuted provides that whether defendant was driving at immoderate speed should be question for jury and not depend upon rate of speed fixed by law for operating such vehicle.

Error to Jackson; Simpson (John), J. Submitted April 17, 1930. (Docket No. 148, Calendar No. 34,776.) Decided June 2, 1930.

Ralph Spence was convicted of negligent homicide. Reversed, and new trial ordered.

*James J. Noon* and *Blackman & Williams,* for appellant.

*Wilber M. Brucker,* Attorney General, *H. D. Boardman,* Prosecuting Attorney, and *Owen Dudley,* Assistant Prosecuting Attorney, for the people.

NORTH, J. The defendant, Ralph Spence, was convicted of negligent homicide upon trial by jury. The case is before this court on writ of error. The first question raised and discussed in the briefs is the right of the trial court to permit an amendment of the information. The complaint made charged the defendant substantially in the terms of the statute with being guilty of involuntary manslaughter and negligent homicide, setting forth the time and place of the alleged offense and that it resulted in the death of one Helen Reed. After examination the defendant was bound over for trial in the circuit court. The information as first drawn and filed followed the complaint. On the day of the trial and before proceeding to impanel the jury, upon motion of the prosecuting attorney, the circuit

judge permitted an amendment of the information by setting forth the negligent homicide charge with greater particularity, in that the amendment set forth the specific acts which the prosecuting attorney claimed constituted the carelessness, recklessness, and negligence with which defendant was charged incident to operating his automobile. Defendant's counsel objected to the proposed amendment on the ground that the information before amendment did not charge any offense and that the accused had not had an examination on the offense charged in the amended information. Defendant did not ask for a postponement or a continuance of the trial, nor did he ask that the case be remanded to the magistrate for further examination. The code of criminal procedure provides:

"The court may at any time before * * * the trial amend the indictment in respect to any defect, imperfection, or omission in form or substance * * *." Section 76, chap. 7, Act No. 175, Pub. Acts 1927.

As just above noted, the circuit judge allowed the amendment and his ruling was correct.

Error is assigned upon the following portion of the charge to the jury relative to negligent homicide:

"As I have said to you, those various sections of the motor vehicle law, several of which I have read to you as applicable to this case here, set up an arbitrary standard of care, and if you find the defendant has violated any of those provisions of the motor vehicle law which I have read to you, such a violation by the defendant would be negligence in and of itself, or as we say in law negligence *per se.* This means that if you find a violation of these sections by the defendant in this case, you do not have to apply that yardstick of what is reasonable care

because the law has said that is negligence, and you do not need to spend any further time about that."

Earlier in his charge the judge had read to the jury several sections of the motor vehicle law, including the following:

"Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in this act, it shall be *prima facie* lawful for the driver of a vehicle to drive the same at a speed not exceeding the following, but in any case when such speed would be unsafe it shall not be lawful. Fifteen miles an hour in a business district as defined herein. Twenty miles an hour in a residence district, as defined herein, and in public parks, unless a different speed is fixed by local authorities and duly posted. It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations. * * * " (Act No. 318, Pub. Acts 1927, § 5, subd. [b].)

The question raised as to this phase of the charge is whether the circuit judge was in error in instructing the jury on the trial of one charged with negligent homicide that a violation of the terms of the statute above quoted is negligence *per se*. The offense of negligent homicide was created and is defined by Act No. 98, Pub. Acts 1921, which provides:

"SECTION 1. Every person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless or negligent manner, but not wilfully or wantonly, shall cause the death of another, shall be guilty of the crime of negligent homicide * * *."

"SEC. 3. In any prosecution under this act, whether the defendant was driving at an immoderate rate of speed shall be a question of fact for the jury

and *shall not depend upon the rate of speed fixed by law for operating such vehicle.*"

The defendant in this case was charged with unlawfully operating his automobile at an excessive or immoderate rate of speed. The portion of the motor vehicle law read to the jury limited the speed to 15 miles in the business district and 20 miles in the residence district. By the instruction above quoted the jury were told that speed in excess of this was negligence *per se;* and the court further charged:

"This means that if you find a violation of these sections by the defendant in this case, you do not have to apply that yardstick of what is reasonable care because the law has said that is negligence, and you do not need to spend any further time about that."

This was obviously an erroneous statement of the law, because it is directly in conflict with the provision of the statute under which the defendant was being prosecuted, wherein it is provided that whether he is driving at an immoderate rate of speed "shall not depend upon the rate of speed fixed by law for operating such vehicle."

Notwithstanding section 3 above quoted was read to the jurors during the course of the court's charge, and the section was again read to them at the request of defendant's counsel after the close of the regular charge, we feel constrained to hold that the conflict in the respective portions of the charge as above pointed out was so prejudicial to the rights of the defendant that a new trial should be ordered. *People* v. *DeWitt,* 233 Mich. 222, and *Richardson* v. *Williams,* 249 Mich. 350. It may be noted in passing that by a recent decision of this court the words

"shall be a question of fact for the jury" have been read out of section 3 hereinbefore quoted. *People* v. *McMurchy*, 249 Mich. 147, 157. But this does not materially affect the question here raised. As bearing upon earlier decisions of this court and their applicability here, it should also be observed that Act No. 318, Pub. Acts 1927, in section 5 (*b*) provides: "It shall be *prima facie* unlawful for any person to exceed" the speed limits provided in the statute. This provision whereby exceeding the statutory speed limit is made to be only "*prima facie*" evidence of unlawful conduct was not embodied in our former motor vehicle laws; and in the absence of the present statutory provision, this court held that driving at a speed in excess of the statutory maximum constituted negligence *per se*. This rule seems to have been changed.

The assignments of error raise other questions, but we think they are of such character that they are not likely to occur incident to the retrial and need not be discussed in this opinion. The case is reversed, and a new trial ordered; and the defendant remanded to the custody of the sheriff of Jackson county.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.