Jones, J.
 

 The main contention presented by counsel in argument, and regarded by the Court of Appeals as the chief question in the case, is: Did the trial court commit error in. permitting the indictment to be amended so as to show the venue or county in which the offense was committed?
 

 The defect in the original indictment was challenged by the defendant’s counsel in various forms and at various stages of the trial. Under our present Code of Criminal Procedure an accused may be prosecuted for embezzlement either in the county in which it occurred or in the county in which he was required to account to his employer. Section 13426-11, General Code. Since the original indictment did not show upon its face that the offense was committed at a place within the jurisdiction of the court (Section 13437-2, paragraph 4, General Code) counsel challenged the jurisdiction of the court to proceed, and likewise challenged the sufficiency of the indictment because it did not allege in what county the offense was committed.
 

 It is argued that the present sections of the Criminal Code, especially Section 13437-29, should not be so interpreted as to permit an indictment to be amended to show the venue or county in which the offense occurred; that such an amendment affects a matter of substance and is not comprehended within the language employed in the section last named; and it is further urged that, if the court should so interpret the statute as to permit such amendment, a
 
 *42
 
 statute so interpreted and applied by the trial court would violate certain provisions of the Ohio Constitution, notably Section 10, Article I, providing that no person shall be held to answer for an infamous crime unless upon the presentment of an indictment, and providing for a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.
 

 The section under attack in the present case is Section 13437-29, General Code, authorizing amendments to indictments before, during or after trial. Quoting its salient parts, that section reads: 4 4 The court may at any time before, during or after the trial amend the indictment, * * * in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.”
 

 Section 13449-5, embodied in the same Code of Criminal Procedure, is of the same import. It provides in substance that no motion for a new trial shall be granted or verdict set aside or conviction reversed in any court in case of imperfection in the indictment 4 4provided that the charge be sufficient to fairly and reasonably inform the accused of the nature and cause of the accusation against him.” It then provides that no judgment of conviction can be reversed 44for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial. ’ ’
 

 We agree that if the court should amend an indictment in such a manner as to change the name, character or identity of the offense, such an amend
 
 *43
 
 ment permitted by tbe court could not cure tbe indictment, as sucb action would violate the provisions of tbe local and fundamental laws, cloaking tbe offender with tbe right to “demand tbe nature and cause of tbe accusation against him.” Section 10, Article I of tbe Constitution. Any amendment in respect to that feature of tbe indictment would prejudice tbe substantial rights of tbe defendant. But Section 13437-29, General Code, pertaining to amendments, safeguards to the accused this right in providing that if tbe defect or omission be one in form or substance it may be amended “provided no change is made in tbe name or identity of tbe crime charged.” In this case no claim can be made that tbe defendant was misled or prejudiced by the action of tbe trial court in permitting tbe county where tbe offense bad been committed to be inserted in tbe indictment; nor can it be claimed that tbe defendant did not know from tbe proof adduced that tbe state was relying on tbe county of Scioto as the county in which tbe offense was committed. All tbe sections referred to were embodied in tbe new Code of Criminal Procedure and enacted by tbe Legislature at tbe same time. (113 Ohio Laws, 123
 
 et seq.)
 
 Undoubtedly by their enactment tbe legislative purpose was to make criminal proceedings less antiquated, to eliminate technicalities, to reject our former more dilatory forms of procedure, and to adopt a more modern system providing a speedier trial for an accused without impinging upon bis just and constitutional rights.
 

 This is evidenced in Section 13437-7. After providing that an indictment shall not be invalid for various omissions therein, that section further pro
 
 *44
 
 vides that “an indictment * * * shall not be invalid * # * for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.”
 

 We are therefore constrained to hold that Section 13437-29, General Code (113 Ohio Laws, 169), should be so construed as to authorize the trial court to permit an amendment to an indictment by inserting therein the county wherein the offense was committed ; and we further hold that, since the accused was neither misled nor prejudiced by the defect in the indictment or in his defense, his constitutional rights were not violated by the court in permitting such amendment. Many of the states have adopted statutes permitting amendment of venue in indictments. The Constitution requires that an indictment must be presented by the grand jury; that it must advise the accused of the nature and cause of the accusation against him. Both of these provisions were complied with. The specific clause of the Constitution providing for the trial of the accused in the county where the offense was committed was also eventually complied with since he had a trial in such county. When the state so acts, courts have generally held that such statutes do not violate constitutional provisions such as we have in our own state. Counsel on both sides have cited numerous authorities in support of their respective claims; but those cases are not helpful except where they discuss the right of amending the venue in indictments when authority for so doing has been granted by the state law. Some, but not all, of these cases are referred to in
 
 Welty
 
 v.
 
 Ward,
 
 164 Ind., 457, 73 N. E., 889, 3 Ann. Cas., 556.
 

 
 *45
 
 A handwriting expert appeared as a witness for the state. In response to one question in chief he gave a lengthy version of the manner in which he arrived at the conclusion that certain writings were made by the defendant. One of his answers covers eight pages of printed record. Being opinion evidence, and based upon a large number of exhibits, there was reason for his lengthy explanation. The principal objection'the defense advances is that the witness testified that some of the exhibits indicated “beyond a reasonable doubt” that they were in the handwriting of the defendant. The objection made by the defense was a general one. The court’s attention was not called to the úse of the foregoing phrase by the witness, nor to any specific portion of the answer which was claimed to be objectionable. What counsel for the defendant did was to move “to strike the answer out, each and every part, separately and severally.” There was-no error in overruling the motion couched in that form.
 
 Timberman
 
 v.
 
 State,
 
 107 Ohio St., 261, 140 N. E., 753. Other claimed errors are assigned by counsel, among them errors alleged to have been committed in the court’s charge. However, we find no prejudicial error in respect thereto.
 

 The case was permitted to enter this court chiefly for the purpose of deciding whether Section 13437-29, General Code, authorized the amendment of an indictment by inserting therein the county where the offense was committed, when no venue (county) appeared in the indictment,, and, secondarily, for the purpose of determining whether that section, as we have interpreted it, is constitutionally valid. Employing the language used in that section, if the ac
 
 *46
 
 cused was not “misled or prejudiced by the defect # * in respect to which the amendment is made,” the court had authority to permit the defect to be amended. While the method of its use by an abuse of discretion may prove to be prejudicial and erroneous, the statute itself is constitutionally valid.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day and Kinkade, JJ., concur.
 

 Allen, J., not participating.