## IANNACI v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12850.   Decided Feb 1, 1933 *

D. H. Laurienco, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Thomas A. Burke, Jr., Ass't Prosecuting Attorney, Cleveland, for defendant in error.

GARVER, PJ, SHERICK and LEMERT, JJ (5th Dist), sitting.

LEMERT, J.

Counsel for the State in their brief claim that the indictment originally charged Jack Iannaci, on the 8th day of May, 1932, being eighteen years of age, raped or ravished one Virginia Smelko, she being then **under** the age of sixteen years.   We note that on the face of the indictment the word **"under"** is crossed out and the word **"over"** is written in type immediately above the word **"under."**   The record before us is silent as to whether the word **"under"** was in the original indictment as presented, or whether the indictment contained the word "over" before the indictment was presented by the Grand Jury.

In addition to the foregoing change, the indictment was amended to read, "that the defendant unlawfully raped or ravished one Virginia Smelko, forcibly and against her will."   In other words, by interlineation the word "unlawfully," and the words "forcibly and against her will," were inserted in the indictment.

**Sec 12413 GC**, provides as follows:

"Whoever has carnal knowledge of his daughter, sister, or a female person under twelve years of age, forcibly and against her will, shall be imprisoned in the penitentiary during life, and whoever has carnal knowledge of any other female person, forcibly and against her will, shall be imprisoned in the penitentiary not less than three years, nor more than twenty years."

**Sec 12414 GC**, provides as follows:

"Whoever, being eighteen years of age, carnally knows and abuses a female per-

son under the age of sixteen years, with her consent, shall be imprisoned in the penitentiary not less than one year nor more than twenty years, or six months in the county jail or workhouse. The court is authorized to hear testimony in mitigation or aggravation of such sentence."

Under §12414 GC the court is authorized to hear testimony in mitigation or aggravation of such sentence. Whereas, §12413 GC, under which the amended indictment was corrected and amended, provides a penalty in case of conviction of imprisonment in the penitentiary or not less than three years or more than twenty years. While §12414 GC provides a penalty in case of conviction under which the prisoner might be sentenced as for a misdemeanor. Whereas, under the provision of §12413 GC the crime for conviction under said section requires different testimony, to-wit, that assault or rape must be proved to have been "forcibly and against the will of the victim," and the punishment is a minimum of three years in the penitentiary and not more than twenty years.

The amendment or alteration of the indictment was made by the court below over the strenuous objection of counsel for Jack Iannaci, defendant in the lower court.

It is claimed by the state that the words "raped or ravished" have a certain definite meaning, and the definition of these words comprehends the term "unlawfully," comprehends the term "forcibly," and comprehends the term "against her will"; and the further claim is made that the defendant therefore can not contend that he did not know with what he was charged or that he was taken by surprise or that he was prejudiced in any way. With this contention we do not agree.

The State further contends that §13437-29 GC, provides in substance as follows:

"The court may at any time amend the indictment in respect to any defect, imperfection or omission, in form or substance, provided no change is made in the name or identity of the crime."

This section was recently reviewed by the Supreme Court of Ohio, in the case of Dreinig v State, 124 Oh St, 39. In a careful examination of this case, decided by the Supreme Court of Ohio, June 10, 1931, on error from the Court of Appeals of Scioto County, Ohio, we find the court there held that the above section authorized the trial court to amend an indictment by inserting therein the venue or

county where the alleged offense was committed, if no venue was therein stated, provided the accused is not prejudiced thereby. We find that the court stated in its opinion, on page 42, the following:

"The court may, at any time before, during or after the trial, amend the indictment in respect to any defect, imperfection or omission, in form or substance, or of any variance with the evidence, **provided no change is made in the name or identity of the crime charged.**

The court further saying that "We agree that if the court should amend an indictment in such a manner as to change the name, character, or identity of the offense, such an amendment permitted by the court could not cure the indictment, as such action would violate the provision of the local and fundamental laws cloaking the offender with the right to demand the nature and cause of the accusation against him. §10, Article 1, of the Constitution."

Sec 13437-29, GC, pertaining to amendments, safeguards to the accused this right in providing that if the defect or omission be one in form or substance it may be amended, provided no change is made in the name or identity of the crime charged.

This case, while it is cited by counsel for the State in the instant case, as we view it is more favorable as to the contention made in the instant case to the plaintiff in error than to the defendant in error.

Granting to the defendant in error all that they claim in the instant case, that the court may at any time during or after trial amend the indictment in respect to any defect, imperfection or omission, in form or substance, or of any variance in the evidence, etc., and applying the above principle to the instant case, we have to say that there must be or have been in the first instance an indictment legally and lawfully charging an offense or crime under the laws of the State of Ohio; and we are of the opinion that the indictment—or we might term it, "the paper writing" returned by the Grand Jury was not an indictment in the true sense of the term, and without the amendment or interlineations the same did not constitute or charge an offense under the law of the State of Ohio. That being true, there was nothing to amend in the instant case. You can amend nothing.

The action of the trial court, over the objection of the defendant below, Jack Iannaci, in attempting to amend a pretended indictment, as hereinbefore related, changed the entire nature of the offense and made

it a different crime from that attempted to be alleged in the indictment, and the trial judge in that manner usurped the functions of the Grand Jury, as only a Grand Jury has a right to return indictments against a man charged with the commission of felonies, as provided in the Constitution of the State of Ohio and the General Code. As we view it, under the indictment, after its amendment, the defendant was forced to go to trial upon an indictment prepared and presented by the court and not by the Grand Jury.

Again referring to the language of the original indictment; that at the county aforesaid, the defendant below, Jack Iannaci, "being eighteen years of age, raped or ravished Virginia Smelko, she being then over the age of sixteen years." As to the language above used, to-wit, "raped or ravished," we find that Webster's New International Dictionary defines these words "raped" and "ravished" in the same identical language, to-wit, "the carnal knowledge of a woman, **forcibly and without her consent.**" Without the words "forcibly and without her consent" or "against her will," it would not constitute the rape, and even if the words "forcibly and against her will and without her consent" were in the indictment, the language of the instant indictment would still fall short of charging an offense without the word "unlawfully." The words "raped" and "ravished" are merely words or terms, and inasmuch as we are construing a criminal statute, it must be strictly construed. In other words, we hold that the language used in the original indictment presented by the Grand Jury did not charge an offense or crime. To illustrate our thought on this matter, we might say that a man can not be convicted of the crime or offense of rape upon his estranged wife, from whom he has not been legally separated.

We cite Baldwin's New Criminal Code of Ohio, on page 30, under §13437-6 for the proper forms in charging offenses. For charging rape under §12413, the proper form, after the formal parts, is to say "A.B. unlawfully and forcibly raped or ravished C.D., and here describe the female under §12413 GC." Another form "A.B., being eighteen years of age, raped or ravished C.D., she, C.D., being under the age of sixteen years."

It will be noted that under the laws of Ohio the female should be under the age of sixteen years, and under the indictment in the instant case, even as amended, the charge is made that the female in the instant case was over sixteen years of age.

It therefore follows that the finding, judgment and conviction of the defendant in the court below, the same is hereby reversed and said cause remanded to the Court of Common Pleas for further proceedings according to law. Exceptions may be noted. SHERICK, J, concurs.
GARVER, PJ, dissents.

### HUNKLER v MATTHEWS et

Ohio Appeals, 7th Dist, Monroe Co

Decided April 26, 1932

John G. Worley, Cadiz, and John G. Devaul, Woodsfield, for plaintiff in error.

T. J. Kremer, Woodsfield, for defendants in error.

