IANNACI *v.* THE STATE OF OHIO.

(Decided January 27, 1933.)

Mr. D. H. *Laurienzo,* for plaintiff in error.
Mr. Frank T. *Cullitan,* prosecuting attorney, and
Mr. Thomas A. *Burke, Jr.,* for defendant in error.

LEMERT, J. This cause comes into this court upon a petition in error from the court of common pleas of Cuyahoga county, Ohio. The defendant in the court below, Jack Iannaci, was indicted, tried, and convicted of rape. A motion for a new trial having been overruled, he now prosecutes error to this court, asserting that the verdict should be set aside because of an amendment to the indictment.

The indictment, as it was originally drawn and presented by the grand jury, omitting the formal parts, read as follows: "Do find and present that Jack Iannaci, on the 8th day of May, 1932, at the county aforesaid, being eighteen years of age, raped or ravished Virginia Smelko, being then over the age of sixteen years. Contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Ohio."

Before any evidence was taken before the trial court on said indictment, the indictment proper was corrected in certain particulars by the court, over the objection of counsel for Jack Iannaci, so that the indictment then read: "Do find and present that Jack Iannaci, on the 8th day of May, 1932, at the County aforesaid, being eighteen years of age, unlawfully

raped or ravished Virginia Smelko, forcibly and against her will, she being then over the age of sixteen years. Contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Ohio.''

Counsel for the state, in their brief, claim that the indictment originally charged that Jack Iannaci, on the 8th day of May, 1932, being eighteen years of age, raped or ravished one Virginia Smelko, she being then *under* the age of sixteen years. We note that on the face of the indictment the word ''under'' is crossed out and the word ''over'' is written in type immediately above the word ''under.'' The record before us is silent as to whether the word ''under'' was in the original indictment as presented, or whether the indictment contained the word ''over'' before the indictment was presented by the grand jury.

In addition to the foregoing change, the indictment was amended to read ''that the defendant unlawfully raped or ravished one Virginia Smelko, forcibly and against her will.'' In other words, by interlineation, the word ''unlawfully'' and the words ''forcibly and against her will'' were inserted in the indictment.

General Code, Section 12413, provides as follows: ''Whoever has carnal knowledge of his daughter, sister, or a female person under twelve years of age, forcibly and against her will, shall be imprisoned in the penitentiary during life; and whoever has carnal knowledge of any other female person forcibly and against her will shall be imprisoned in the penitentiary not less than three years nor more than twenty years.''

General Code, Section 12414, provides: ''Whoever, being eighteen years of age, carnally knows and abuses a female person under the age of sixteen years with her consent shall be imprisoned in the penitentiary not less than one year nor more than twenty years, or six months in the county jail or workhouse.

The court is authorized to hear testimony in mitigation or aggravation of such sentence.''

Under Section 12414, the court is authorized to hear testimony in mitigation or aggravation of such sentence, whereas Section 12413, under which the indictment was corrected and amended, provides a penalty, in case of conviction, of imprisonment ''in the penitentiary not less than three years nor more than twenty years.'' While Section 12414 provides a penalty in case of conviction, under which the prisoner might be sentenced as for a misdemeanor, under the provision of Section 12413 conviction for such crime requires different testimony, to wit, the assault or rape must be proved to have been ''forcibly and against the will'' of the victim, and the punishment is a minimum of three years in the penitentiary and not more than twenty years.

The amendment or alteration of the indictment was made by the court below over the strenuous objection of counsel for Jack Iannaci, defendant in the lower court.

It is claimed by the state that the words ''raped or ravished'' have a certain definite meaning, and the definition of these words comprehends the term ''unlawfully,'' comprehends the term ''forcibly,'' and comprehends the term ''against her will;'' and the further claim is made that the defendant therefore cannot contend that he did not know with what he was charged, or that he was taken by surprise, or that he was prejudiced in any way. With this contention we do not agree.

The state further contends that General Code, Section 13437-29, provides, in substance, as follows: ''The court may at any time * * * amend the indictment * * * in respect to any defect, imperfection or omission in form or substance * * * provided no change is made in the name or identity of the crime charged.''

This section was recently reviewed by the Supreme Court of Ohio in the case of *Breinig* v. *State,* 124 Ohio St., 39, 176 N. E., 674. In a careful examination of that case, decided by the Supreme Court June 10, 1931, on error from the Court of Appeals of Scioto county, we find the court there holds that the above section authorizes the trial court to amend an indictment by inserting therein the venue or county where the alleged offense was committed, if no venue was therein stated, provided the accused is not prejudiced thereby. The court states in its opinion, on page 42 of 124 Ohio St., 176 N. E., 674, 675, the following:

"We agree that if the court should amend an indictment in such a manner as to change the name, character or identity of the offense, such an amendment permitted by the court could not cure the indictment, as such action would violate the provisions of the local and fundamental laws, cloaking the offender with the right to 'demand the nature and cause of the accusation against him.' Section 10, Article I of the Constitution."

Section 13437-29, General Code, pertaining to amendments, safeguards to the accused this right in providing that, if the defect or omission be one in form or substance, it may be amended, provided no change is made in the name or identity of the crime charged.

This case, as we view it, while it is cited by counsel for the state in the instant case, is more favorable to the contention made by plaintiff in error than to the contention made by defendant in error.

Granting to the defendant in error all that it claims in the instant case—that the court may at any time during or after trial amend the indictment in respect to any defect, imperfection, or omission, in form or substance, or of any variance in the evidence, and so forth—and applying the above principle to the instant case, we have to say that there must be or have been in

the first instance an indictment legally and lawfully charging an offense or crime under the laws of the state of Ohio; and we are of the opinion that the indictment, or we might term it "the paper writing," returned by the grand jury, was not an indictment in the true sense of the term, and that without the amendments or interlineations the same did not constitute or charge an offense under the law of the state of Ohio. That being true, there was nothing to amend in the instant case; there is nothing you can amend.

The action of the trial court, over the objection of the defendant below, Jack Iannaci, in attempting to amend a pretended indictment, as hereinbefore related, changed the entire nature of the offense, and made it a different crime from that attempted to be alleged in the indictment, and the trial judge in that manner usurped the functions of the grand jury, as only a grand jury has a right to return indictments against a man charged with the commission of felonies, as provided in the Constitution of the state of Ohio and in the General Code. As we view it, under the indictment, after its amendment, the defendant was forced to go to trial upon an indictment prepared and presented by the court and not by the grand jury.

Again referring to the language of the original indictment, that at the county aforesaid the defendant below, Jack Iannaci, "being eighteen years of age, raped or ravished Virginia Smelko, being then over the age of sixteen years." As to the language above used, to wit, "raped or ravished", we find that Webster's New International Dictionary defines these words "raped" and "ravished" in the same identical language, to wit, "the carnal knowledge of a woman, *forcibly and without her consent.*" Without the words "forcibly and without her consent" or "against her will" it would not constitute rape, and, even if the words "forcibly and against her will and without her consent" were in the indictment, the language of the

instant indictment would still fall short of charging an offense without the word "unlawfully." The words "raped" and "ravished" are merely words or terms, and, inasmuch as we are construing a criminal statute, it must be strictly construed. In other words, we hold that the language used in the original indictment presented by the grand jury did not charge an offense or crime. To illustrate our thought on this matter, we might say that a man cannot be convicted of the crime or offense of rape upon his estranged wife, from whom he has not been legally separated.

We cite Baldwin's Ohio Criminal Practice Manual, for the proper forms in charging offenses. For charging rape under Section 12413, the proper form, after the formal parts, is to say: "A. B. unlawfully and forcibly raped, or ravished C. D.," and here describe the female under General Code, Sec. 12413. Another form is: "A. B., being eighteen years of age, raped or ravished C. D., she, C. D., being under the age of sixteen years."

It will be noted that under the laws of Ohio the female should be under the age of sixteen years, and under the indictment in the instant case, even as amended, the charge is made that the female in the instant case was over sixteen years of age.

It therefore follows that the finding, judgment, and conviction of the defendant in the court below is hereby reversed, and the cause is remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

SHERICK, J., concurs.
GARVER, P. J., dissents.
Judges of the Fifth Appellate District sitting by designation in the Eighth Appellate District.

GARVER, P. J., dissenting. The attorney for plaintiff in error states in his brief that the change in the indictment was made by the court before the trial commenced. There is no bill of exceptions in the case. The transcript of the docket and journal entries shows that on the 31st day of June, 1932, a jury was impaneled, the plaintiff in error being present with his counsel, that the jury heard part of the testimony, and that the case was continued until the next day. June has only thirty days, and from the fact that the next entry is dated June 1st, I conclude that the 31st day of June should be the 31st day of May.

On June 1, 1932, the transcript shows: "Indictment amended to charge unlawfully, forcibly and against her will." The trial then proceeded. The insertion of the words "unlawfully," and "forcibly," and "against her will," was made in the indictment with a pen. The word "under" was crossed out and above it in typewriting was the word "over." There is nothing in the record to show when the word "over" was written there, but as the attorney for plaintiff in error makes no claim in his brief that that word was written there by the judge, after the indictment was found, and since he doubtless had a copy of the original indictment, my conclusion is that that word "over" was typewritten there at the time the indictment was drafted in the prosecuting attorney's office. The record does not show any objection made by the plaintiff in error when the judge inserted those words with the pen, nor is there any exception taken at the time, as shown by the record. Three days after the trial, a motion in arrest of judgment was filed by defendant below, and in that motion the plaintiff in error claims that he objected and excepted at the time the judge made the change. But that motion in arrest of judgment was never passed upon by the court of common pleas, so far as the record shows, and therefore it is not before this reviewing court. No claim is specifically made in the

motion for new trial that the defendant below objected
to the change made by the judge, or took any excep-
tions thereto. Therefore, the entire record before us
does not show any objection or any exception to the
change made by the common pleas judge.

When the trial judge made the interlineation with
the pen, the defendant below had a right to object and,
if the objection was overruled, take an exception. He
might, at least, have asked for a discharge of the jury
and a reasonable continuance of the cause; but he did
not do so. Section 13437-29, General Code.

Sections 13437-28 and 13437-29, General Code, are
copied almost verbatim from the Michigan law, being
combined in one section, known as Section 17290, Michi-
gan Comp. Laws 1929, enacted by the state of Michi-
gan in 1927. The principal change is made by inser-
tion in the Ohio statute, after the word "indictment,"
the words "information or bill of particulars," and
the first sentence in Section 13437-29, General Code,
contains the additional words "provided no change is
made in the name or identity of the crime charged."
The Michigan statute is construed in *People* v. *Spence,*
250 Mich., 573, 231 N. W., 126, where the court say:
"In prosecution for negligent homicide * * * the
trial court properly allowed, before jury was impan-
eled, amendment of the information setting forth with
greater particularity the specific acts relied on." In
the opinion the court say: "On the day of the trial
and before proceeding to impanel the jury, upon mo-
tion of the prosecuting attorney, the circuit judge per-
mitted an amendment of the information by setting
forth the negligent homicide charge with greater par-
ticularity, in that the amendment set forth the specific
acts which the prosecuting attorney claimed consti-
tuted the carelessness, recklessness, and negligence
with which defendant was charged incident to operat-
ing his automobile. Defendant's counsel objected to
the proposed amendment on the ground that the infor-

mation before amendment did not charge any offense and that the accused had not had an examination on the offense charged in the amended information. Defendant did not ask for a postponement or a continuance of the trial, nor did he ask that the case be remanded to the magistrate for further examination. The code of criminal procedure provides: 'The court may at any time before * * * the trial amend the indictment in respect to any defect, imperfection, or omission in form or substance. * * *' Section 76, chap. 7, Act No. 175, Pub. Acts 1927 [Comp Laws Mich. 1929, Section 17290]. As just above noted, the circuit judge allowed the amendment and his ruling was correct."

In the case of *City of Cincinnati* v. *Schill,* 125 Ohio St., 57, 180 N. E., 545, we find in the opinion these words: "If an accused person feels that the charge filed against him is vague, indefinite and uncertain, and that he is prejudiced thereby, he must not enter his plea, sit smugly through his trial, and complain for the first time by the interposition of a motion in arrest of judgment."

So, in the instant case, if the defendant below felt that he was prejudiced by the change made by the court of common pleas with his pen, he must not sit smugly through the trial and complain for the first time by the interposition of a motion in arrest of judgment, which motion has never been heard by the court below, and ask a reviewing court to reverse the court below. The amendment of the statute, under which the court made the interlineation, was enacted for the purpose of allowing such changes to be made by the common pleas court.

Therefore, in my humble opinion, the judgment of the court below should be affirmed.