## BRYANT v STATE

Ohio Appeals, 1st Dist, Hamilton Co

No. 4402. Decided Nov 20, 1933

Frank K. Bowman, Cincinnati, and Chauncey D. Pichel, Cincinnati, for plaintiff in error.

Louis J. Schneider, Cincinnati, Edward J. Strasser, Cincinnati, and Simon Leis, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

The court in its general charge to the jury definitely stated that the indictment charged the defendant "killed Richard Stcffy while attempting to commit a robbery."

The original indictment does not appear among the papers, but there can be no question that the amendment was allowed and made, as is shown by the charge of the court.

It is urged that permitting such amendment constituted error.

Sec 13437-29, GC, is as follows:

"The court may at any time before, during or after the trial amend the indictment, information or bill of particulars, in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment be made to the substance of the indictment or information or to cure a variance between the indictment or information, and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled, and to a reasonable continuance of the cause, unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall

not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor, and no writ of error or other appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

This section has been held constitutional in the case of **Breinig v State of Ohio, 124 Oh St, 39.**

The first question presented involves the nature of the amendment. Was there any change made in the name or identity of the crime charged? We conclude there was no such change. The crime charged originally and in the indictment as amended was murder in the first degree. Of this crime the defendant was convicted. Even if such were not our conclusion, it is obvious from a reading of the record that the defendant was not misled or prejudiced by the variance in respect to which the amendment was made, nor has any failure of justice resulted.

The judgment and sentence of the trial court is therefore affirmed.

HAMILTON, PJ, and CUSHING, J, concur.