## ABNEY v STATE

Ohio Appeals, 1st Dist, Warren, Co

No 180.   Decided Oct 18, 1935

R. Hilliard Greenwood, Lebanon, for plaintiff in error.

C. Donald Dilatush, Lebanon, for defendant in error.

## OPINION

By ROSS, PJ.

No request was made to discharge the jury or for a continuance; nor was any

**298**

statement made that the accused would be prejudiced by being compelled to go to trial under the indictment as amended.

There is nothing in the record to show that the defendant was misled or prejudiced by the addition to the indictment. Nor is there anything to suggest that upon the whole record, the defendant had other than a fair trial and received substantial justice.

Sec 13437-29, GC, is as follows:

"The trial court may at any time before, during or after the trial amend the indictment, information or bill of particulars, in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment be made to the substance of the indictment or information or to cure a variance between the indictment or information and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled, and to a reasonable continuance of the cause, unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that his rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. In case a jury shall be discharged from further consideration of a case under this section, the accused shall not be deemed to have been in jeopardy. No action of the court in refusing a continuance or postponement under this section shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor, and no writ of error or other appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

The action of the court did not constitute prejudicial error. 21 O. Jur., p. 829, §135. See also: **Breinig v State**, 33 Ohio Law Rep., 649; **Roberts v State of Ohio**, 45 Oh Ap, 65 (13 Abs 566; 14 Abs 32); **Bryant v State**, 16 Abs 335.

The second assignment of error is addressed to the weight of the evidence.

It is asserted that there is no evidence establishing the guilt of the defendant. An examination of the record convinces us

that there was sufficient evidence to warrant the conclusion that the defendant was beyond any reasonable doubt guilty of the crime charged.

Complaint is made that the court charged upon the subject of confession, when there was no testimony that such had been made by the defendant. The marshal stated:

"I asked him why he took the car. Why he took it over there and was taking the battery out and he said he was so drunk he didn't know what he was doing."

This in itself was sufficient to warrant the charge, which was more than favorable to the accused. The court said to the jury:

"Evidence has been offered in the form of an alleged confession or admission. I instruct you that confessions of guilt made through the influence of hopes or fears, that is, confessions induced by promises or temporal benefit, or threats or disadvantage, are to be weighed and not to be considered as of any value. Confessions that are not voluntarily made are excluded on the ground that they are probably not true. Another ground for the exclusion is that it is a violation of the constitutional provision that no man shall be required to give evidence against himself, for if he is required or compelled by threats or induced by hopes to make a confession against himself, it is an indirect method of compelling him to give evidence against himself when statements made under such circumstances are afterward proven against him in court.

"On the other hand, a free and voluntary confession is one of the most satisfactory proofs of guilt, for an innocent man will not voluntarily subject himself to infamy and liability to punishment by false statements against himself. A confession is voluntary and is competent evidence against the person making it when it appears that no threats or promises were used in obtaining it.

"It is the duty of the court to caution you that testimony as to statements or declarations made by the accused should be carefully examined and considered by you. In this class of testimony there is always danger that the person making the declaration or statement may not have been fully understood and there is also danger that the witness who repeats it may not remember it all or correctly repeat it, but if you are satisfied that such statements or declarations were made, correctly understood by the witness, and correctly repeated in court, then it is for you to say what effect

is to be given to them, taking into consideration all the circumstances under which they were made, if they were made."

It is also claimed by the defendant that the court did not charge upon the subject of possession, and it was requested that the following statement be given as law to the jury:

"STATE OF OHIO
vs.
CHESTER ABNEY
Request for Special Instructions by Defendant.

"I charge you, Ladies and Gentlemen of the jury, that the mere fact that defendant was sitting in the car does not show possession as a matter of law.

R. Hilliard Greenwood
Counsel for Defendant."

Such a statement would have been misleading. It is true that the jury, from the single fact that the defendant was sitting in a stolen car, might not be permitted to infer criminal possession, but such fact, accompanied with other evidence, such as flight and self-inculpating statements at the time of arrest would surely be enough evidence to justify a conclusion of guilt.

There is nothing presented to us in the record justifying the final assertion of the defendant that the prosecuting attorney expressed an opinion upon the guilt of the accused. The record speaks as follows:

"At this point the case was argued to the jury by Mr. C. D. Dilatush and during his argument the following exceptions were taken:

"Mr. Greenwood: I wish to take an exception to the Prosecutor's statement to the jury that in his opinion this evidence overwhelmingly shows that the defendant is guilty, and I wish Your Honor would instruct the jury to disregard the statement."

The prosecutor did not say that in his opinion the defendant was guilty, but that the evidence in his opinion showed his guilt. This is the whole basis of any argument by a prosecutor to the jury. His very presence as an exponent of the State's case indicates naturally that it is his opinion that the evidence shows guilt. The iniquity found in expressions of opinion by a prosecutor is usually found in statements that in his opinion the defendant is guilty, and that such conclusion may or may not be based upon the evidence presented to the jury. It is hard to conceive any statement of a prosecutor in connection with a consideration of the evidence that has not the same effect as the language apparently used, which, incidentally, is not in the record except as restated by counsel for defendant. How shall a prosecutor begin except by saying—"the evidence shows that upon such a date the defendant did so and so." While he may not state that it is his opinion that the evidence shows guilt, it is his obvious conclusion. What is then the difference in effect from a statement that the evidence overwhelmingly shows that the defendant is guilty and a statement of the obvious—that in my opinion the evidence overwhelmingly shows the defendant is guilty.

In the case of **Weitz v State of Ohio, 48 Oh Ap, 421, (17 Abs 515)**, the statement of the prosecutor was:

"Three defendants have been discharged, and I say to you honestly that I am very happy that they have been discharged; I never felt that they were guilty. One defendant remains, and I say to you just as honestly that I feel he should remain, and that he is guilty. * * *."

The wide difference in this statement and the one involved here is apparent.

Finding no error, prejudicial to the defendant and that he has had a fair trial and received substantial justice, the judgment of the Court of Common Pleas of Warren County is affirmed.

MATTHEWS and HAMILTON, JJ, concur.