Stewabt, J.
The issue in the present case is whether the insured died as the direct result, independently of all other causes, of bodily injuries caused solely by external, violent, and accidental means and not as the result of self-destruction.
Plaintiff relies upon three assigned errors as grounds for reversal of the judgment below.
*108 The first assignment of error is directed to the refusal of the trial court to give the following special charge requested by plaintiff:
“Members of the jury: I charge you that if you find from the preponderance of the evidence that James Carson met his death by external and violent means, under circumstances not wholly inconsistent with accident, the law raises a presumption of accidental death, and that presumption remains until overcome by evidence to the contrary.”
We are of the opinion that the trial court did not err in refusing to give this charge to the jury.
Although it is true that in case of a death by external and violent means there is a presumption against suicide, it is misleading to charge the jury that the presumption remains until overcome by evidence to the contrary, for the reason that the jury could be led to believe that the evidence to overcome the presumption must have a greater weight than the presumption itself. The presumption is a rebuttable one and disappears upon the production of evidence to the contrary, which counterbalances it or leaves the case in equipoise. Brunny, Admx., v. Prudential Ins. Co. of America, 151 Ohio St., 86, 84 N. E. (2d), 504.
Then, too, the requested charge, referring to death by external and violent means as raising a presumption of accidental death, rather than á death by accidental means as required by the terms of the insurance policies, is open to the argument that the charge is merely abstract rather than one applicable to the issue in the present case.
The second assignment of error by plaintiff is the giving by the trial court of the following special charge requested by defendant:
“The court instructs the jury that the burden is upon the plaintiff to prove by a preponderance, or the greater weight of the evidence, that the death of the *109 insured occurred as the result, directly and indepently of all other causes, of accidental means, and that said death did not. occur as the result of suicide or self-destruction, while sane or insane, and should you find that plaintiff has failed to sustain that burden by a preponderance of the evidence, then your verdict must be for the defendant company. The burden never shifts, and although the defendant alleges in its amended answer that the insured’s death resulted from self-destruction there is no burden upon it to prove that fact; instead, the burden of proof remains with the plaintiff to establish by a preponderance of the evidence that death did not result from self-destruction.”
We are of the opinion that the special charge as given was not erroneous as applied to the facts in the present case.
Plaintiff contends that there was no burden upon her to prove that the insured’s death did not result from' self-destruction, and that the charge placed a burden upon her which she did not have to carry.
The answer to that claim is the fact that insured’s policies, which constitute the contracts giving plaintiff any right of action, provide that she must furnish proof of the death of the insured as the result directly, and independently of all ■ other causes, of bodily injuries caused solely by external, violent and accidental means, and that such death did not occur as the result of self-destruction.
It is true that plaintiff has the benefit of the presumption against suicide but where, as in this ease, there is evidence to counterbalance or overthrow that presumption plaintiff must show by a preponderance of the evidence, of which the presumption in her behalf is a part, that the insured did not die as a result of suicide. That burden is cast upon her because of the fact that the policies, which are the only contracts upon *110 which she has any right to recover, provide that she-¡must show that the insured’s death was not the result of suicide.
We come now to plaintiff’s third assignment of error, which, in argument by both plaintiff and defendant, was-presented as the important question in the present case.
Plaintiff claims that the court was in error in admitting, over her objections, exhibits 23,' 24, and 28. Exhibit 23 is the coroner’s report and exhibits 24 and 28 are certified copies of the death certificate. All contain the statement that the cause of the insured’s death was suicide. They also contain statements with reference to the insured, his color, sex, age, marital status, occupation, and residence, and that the injuries which caused his death consisted of a penetrating gunshot wound of the chest or thorax.
Defendant contends that the exhibits were admissible under Section 2855-11, as well as Sections 12102-.'26 and 1261-66, General Code.
Defendant likewise contends that plaintiff did not save her assignment of error for the reason that there was only a general objection to- the admission of the exhibits in question and that no particular objection was made to the part of the exhibits which was claimed to be inadmissible.
Section 2855-11, General Code, reads:
“The records of the coroner, made by himself or by anyone acting under his direction or supervision shall be considered public records, and such' records or transcripts thereof, or photostatic copies thereof, certified by the coroner, shall- be received as evidence in any criminal or civil court in this state, as to the facts therein contained.”
Section 12102-26 reads:
“Official reports made by officers of this state, or certified copies of the same, on -a matter within the *111 scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence óf the matters stated therein.”
Section 1261-66 reads in part:
“The director of health, or person authorized by him, shall upon request * * * supply to any applicant a certified copy of the original certificate of any birth, death, or stillbirth, registered according to law. Such certified’ copy of such original certificate * # * shall be prima facie evidence in all courts and places of the facts therein stated.”
There can be no question that under the above statutes the exhibits in question were admissible as to the facts stated therein, i. e., that the insured was 28 years old, was a white male, had the gunshot wound described therein, and other demonstrable facts.
But the question before us is whether the statement in the various exhibits that the insured was a suicide constitutes a statement of fact or simply an opinion or conclusion based upon ascertained facts.
Ordinarily, where evidence is received and a part of it is admissible and a part inadmissible, a general objection to its reception is not sufficient to save the question of the inadmissibility of the objectionable part. To save the objector’s rights he should clearly indicate the part of the evidence to which he objects and move its exclusion. Kent v. State, 42 Ohio St., 426; State v. Lasecki, 90 Ohio St., 10, 106 N. E., 660, L. R. A. 1915E, 202; Timberman v. State, 107 Ohio St., 261, 140 N. E., 753.
The reason for the rule is that it is a party’s duty to apprise the court of the evidence to which he objects. In the instant ease, as each exhibit was introduced in evidence the court specifically stated that any opinions of either the coroner or the attending physician as to whether the death of the insured was or was not accidental or suicidal were to be given no *112 more weight by the jury than it should believe those opinions were entitled to.
The record affirmatively shows that the court appreciated and realized that the plaintiff was objecting to the admission of the exhibits solely upon the ground that they contained the statement that the insured had committed suicide.
We are of the opinion, therefore, that the plaintiff saved her point of alleged error and that there is squarely before us the question whether that part of the exhibits in which it is stated that the insured was a suicide was admissible and whether its admission constituted reversible error.
It will be noted that the record' of the coroner as well as the certificate of death was admissible in evidence only as to the facts therein contained.
The courts are divided upon the question whether, under statutes similar to ours, the opinion of the coroner with reference to the cause of death is admissible in evidence.
In the case of California State Life Ins. Co. v. Fuqua, 40 Ariz., 148, 10 P. (2d), 958, the Supreme Court of Arizona held flatly that under a section of the Arizona statutes, which provides that a copy of the record of a death when properly certified by the registrar shall be prima facie evidence of the facts therein stated, the opinions or conclusions in such a record are admissible.
On the other hand, in the case of Kentucky Home Mut. Life Ins. Co. v. Watts, 298 Ken., 471, 183 S. W. (2d), 499, the Court of Appeals of Kentucky rejected the principle that, where a statute provides that a certificate of death shall be prima facie evidence only of the facts appearing in the certificate, a conclusion or opinion therein is admissible in evidence.
In the opinion in that case the court said:
“Then, what are the facts appearing in the certifi *113 cate to be given sncb great weight? Certainly, the Legislature did not mean that an opinion of the person making out the death certificate should be given any greater weight than the opinion of any other person, or even as great weight as the opinion of a person or group of persons who were in position to consider all the evidence in respect to the circumstances provable in a court of law. It is a matter of common knowledge that some death certificates are filled in and signed by coroners or attending physicians without investigation, or without any basis, other than mere suspicion, upon which to determine the manner in which the deceased arrived at his death. It is likewise a fact that coroners oftentimes fill out death certificates without holding an inquest; and it is almost invariably true that when an inquest is held, little evidence is introduced before the coroner’s jury. That being true, the statement in the certificate that death was the result of suicide does not constitute a fact within the contemplation of the Legislature, but a mere opinion of one who likely did not have knowledge of all the circumstances surrounding the death. The fact concerning the cause of death in the certificate which was contemplated by the Legislature is the fact that the deceased came to his death by a gunshot wound, the words ‘self-inflicted’ and ‘suicide’ being mere expressions of the opinion of the person filling out the certificate.”
It is our opinion that the Kentucky court expressed the more logical view.
In the present case no one witnessed the killing of the insured. Although it is true that the evidence strongly points to suicide it cannot be said that a statement that the insured committed suiside is other than an expression of opinion, however strongly it may be buttressed by the proven facts.
It is true that Section 2855-7, General Code (121 *114 Ohio Laws, 591), gives the coroner authority to “inquire how the deceased came to his or her death, whether by violence to self or from any other person or persons, by whom, whether as principals or accessories before or after the fact, and all circumstances relating thereto. ’ ’
It is true, likewise, that Section 2855-10, General Code, requires the coroner to keep full and complete records. However, Section 2855-11, which makes the records of the coroner admissible in evidence, limits the admissibility of those records to the facts therein contained.
We hold that “the facts therein contained” are facts ascertainable from the evidence, such as the nature of the wound and how the wound caused death, as well as a description of the deceased and other like information.. But, in the absence of any direct testimony as to suicide, an expression by a coroner or physician that a decedent committed suicide is a mere opinion and does not constitute a fact as contemplated by the provisions of the statutes to which we have referred. That the admission of such opinions was prejudicial cannot be doubted.
Under the state of the evidence in the present case about the only support for plaintiff’s position was the presumption against suicide. It is a somewhat serious question as to whether that presumption • was overcome as a matter of law by the evidence, and, assuredly, to allow the jury to have the coroner’s report with his conclusion that the insured committed suicide and a death certificate which showed the insured’s death to be the result of suicide was bound to adversely affect what, if anything, remained of the efficacy of the presumption in plaintiff’s favor after all the evidence had been received in the case.
The plaintiff could not be bound by the copies of the coroner’s report and death certificate which were fur *115 nished to defendant as a part of the proof of the insured’s death. Those copies were required to be furnished by the defendant and did not constitute admissions against interest by the plaintiff.
For error in not excluding those parts of the exhibits purportedly showing that the insured committed suicide, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceeding.

Judgment reversed.

Weygandt, C. J., Zimmerman, Middleton, Matthias, and Hart, JJ., concur.