STATE, Plaintiff-Appellee, v. DRAYZGA, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25432.   Decided April 13, 1961.

*Mr. Richard Matia*, police prosecutor, for plaintiff-appellee.
*Mr. Milton Firestone*, for defendant-appellant.

(SMITH, P. J., DEEDS, J., and FESS, J., of the Sixth District, sitting by designation in the Eighth District.)

DEEDS, J. This is an appeal on questions of law by defendant-appellant from a judgment and sentence of the Cleveland Municipal Court.

The pertinent allegations in the affidavit upon which the defendant was tried in the Municipal Court are as follows:

"* * * that on or about the 24th day of October, A. D., 1960, at the said City and County, one Henry Drayzga, unlawfully and publicly did establish, open, set on foot, carry on, promote, and was concerned as a promoter, backer or vendor, in a certain scheme of chance, commonly called lottery, to-wit, a football pool."

The affidavit purports to charge defendant with a violation of Section 2915.12, Revised Code. Section 2915.12, Revised Code, provides:

"No person, for his own profit, shall establish, open, set on foot, carry on, promote, make, draw, or act as 'backer' or 'vendor' for or on account of a lottery or scheme of chance, by whatever name known, located in or to be drawn, paid, or carried on within or without this state, or by any of such means, sell or expose for sale anything of value.

"Whoever violates this section shall be fined not less than fifty nor more than five hundred dollars and imprisoned not less than ten days nor more than six months."

The phrase "for his own profit" was omitted from the affidavit filed against the defendant and upon which affidavit defendant was tried and sentenced in the Municipal Court.

It is our opinion that the decision of the Supreme Court in *State, Appellant* v. *Parker, Appellee,* 150 Ohio St., 22, is applicable to the affidavit in the case before us and that in accordance with that decision, the affidavit is insufficient to charge the defendant with a violation of Section 2915.12, Revised Code. We quote a part of the opinion by the court in *State* v. *Parker, supra,* as being clearly applicable in the case before us, at 150 Ohio St., 26:

"Leave to amend the indictment by inserting the words 'for his own profit' was properly refused. Conviction could not be sustained if that element were not proved.

"The indictment is insufficient to charge an offense and cannot be cured by amendment since a vital and material ele-

ment identifying or characterizing the offense is omitted from such indictment. *Breinig* v. *State*, 124 Ohio St., 39, 176 N. E., 674; *Harris* v. *State*, 125 Ohio St., 257, 181 N. E., 104.

"It follows that the court may not supply words essential to the description of an offense, without which no violation is charged."

It is contended by counsel for the City of Cleveland that the conviction of the defendant should be sustained as a violation of Section 2915.13, Revised Code. We note that Section 2915.13, Revised Code, provides for penalties for violation as follows:

"Whoever violates this section shall be fined not less than fifty nor more than five hundred dollars and imprisoned not less than six nor more than ten months for a first offense; for each subsequent offense such person shall be fined not less than five hundred nor more than one thousand dollars and imprisoned not less than one nor more than seven years."

"Imprisoned" is defined by Section 1.05, Revised Code, as follows:

"As used in the Revised Code, unless the context otherwise requires, 'imprisoned' means imprisoned in the county jail if the maximum term prescribed for the offense is one year or less, and imprisoned in the penitentiary if the maximum term prescribed for the offense is longer than one year."

Felonies and misdemeanors are defined in Section 1.06, Revised Code:

"Offenses which may be punished by death or by imprisonment in the penitentiary are felonies; all other offenses are misdemeanors. As used in the Revised Code, 'minor offense' is synonymous with misdemeanor."

Since the maximum penalty provided for a violation of Section 2915.13, Revised Code, is seven years imprisonment in the penitentiary "for each subsequent offense," the offense charged under that Section would be a felony in the event of a subsequent violation. *McKelvy* v. *State*, 37 Ohio St., 1; *Seaman* v. *State*, 106 Ohio St., 177. See opinion pages 179-180; *City of Cleveland, Appellant and Cross-Appellee,* v. *Betts, Appellee and Cross-Appellant,* 168 Ohio St., 386, opinion at page 388.

It is our conclusion that the Cleveland Municipal Court did

not have jurisdiction to try and determine that defendant-appellant was guilty of a violation of Section 2915.13, Revised Code. *Jones* v. *Wells Co.*, 123 Ohio St., 516; *Seaman* v. *State, supra.* We determine, therefore, that the judgment of the Cleveland Municipal Court should be reversed and that the defendant-appellant should be discharged.

SMITH, P. J., FESS, J., concur.