## WEITZ v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13547.   Decided May 31, 1934

Day & Day, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecuting Attorney, Cleveland, Charles J. McNamee, Asst. Pros. Attorney, Cleveland, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist), and WILLIAMS, J, (6th Dist) sitting.

## OPINION

### By ROSS, J.

The record shows that the false certificate was made by the plaintiff in error, not as a director, but as Secretary. The conclusion of the Supreme Court in **State of Ohio v Williams, 104 Oh St, 232, 238,** is directly in point. The procedure in the Williams case was appropriate to the instant case. The secretary was there indicted for perjury under the general statute. §13190, GC, as held in the Williams case is not appropriate for an indictment of a secretary for a false report made by him as such.

The second assignment of error is, that the prosecutor was guilty of gross misconduct constituting prejudicial and reversible error. A statement of only part of what occurred is sufficient to justify this conclusion on our part:

"Three defendants have been discharged, and I say to you honestly that I am very happy that they have been discharged; I never felt that they were guilty. One defendant remains, and I say to you just as honestly that I feel he should remain, and that he is guilty—

Mr. Day: Just a moment, please: I ask the court at this time to withdraw a juror and continue the trial of this case upon the ground that a statement by any prosecuting attorney that he believes any defendant is guilty is misconduct, and has been so held over and over again.

Mr. McNamee: I am going to support my reason for so stating; no misconduct in that statement.

Mr. Day: I want a ruling on the motion.

The Court: Do you care to be heard?

Mr. Day: No, I don't care to be heard.

Mr. McNamee: I have a right to state my belief, your Honor, and while I think the motion is rather in the nature of a strategic move—

The Court: Motion overruled.

Mr. Day: Exception."

And, again:

"Why did he come here? I think Donald Schafer came here for two reasons: first, that being a man of some spirit, and some pride, he realized that when this trial went on if he weren't here to tell his story that the defense would lay everything at the feet of Donald Schafer, and I think also that Donald Schafer, having in mind those thousands of people whose futures were wrecked by the failure of this company, brought about by—

Mr. Day: Just a minute, I object on the ground that there is no evidence in this case that the future of thousands of people was wrecked by the failure of this company, and ask the court at this time to withdraw a juror and postpone the trial of the case on the ground of the misconduct of the prosecuting attorney.

The Court: Overruled.

Mr. Day: Exception.

Mr. McNamee: I have a right to comment, having in mind who lost their life savings in the institution—

Mr. Day: Same motion, Judge, on the same ground.

The Court: Overruled.

Mr. Day: Exception."

A much milder expression was held prejudicial error in the case of **State of Ohio v Thayer, 124 Oh St, 1.** The syllabus in that case is:

"The trial court, in a criminal case, appointed an able lawyer of high personal character and good reputation, well known to the jury, as special counsel to assist the prosecuting attorney in the trial of the case. That special counsel, in an address to the jury, said: 'Now, I can say this to you, ladies and gentlemen of the jury, as an attorney, I probably would in some cases, defend a man even though he were guilty, and do everything that I could to see that he got all his legal rights as a defendant, but I will also say, and I am saying it from the bottom of my heart, that unless the investigation that I would make before giving my consent to go into a case as special prosecutor, convinced me that I was justified in taking that side of the case, I would never—I would never accept the appointment to prosecute a man that I believed from the investigation was innocent of the charge.' Counsel for the accused promptly objected and moved the court order a mistrial; thereupon the prosecuting attorney said: 'We feel that it is entirely just in the light of the evidence.' The

court overruled the motion for mistrial and exception was saved.

HELD: The statement of special counsel to the jury was misconduct, highly prejudicial to the accused, and the action of the trial court in overruling the motion of accused for a mistrial was prejudicial error which necessitated a reversal of the judgment entered in that court."

A further assignment of error refers to the charge of the court. The court charged:

"To constitute the offense charged, the intent to do the wrong or commit the crime, and the performance of the act or commission of the wrong in pursuance of the intent, must be established; and the intent and the act must concur in point of time. A man may form an intent to commit a crime long before it is actually committed, but this intent must exist at the time the crime was in fact committed, for no man can be criminally punished for an act in which his mind does not concur at the time the act was committed. Intent may be said to be a state of mind in respect of intelligent volition, that is, fixing the mind upon the act and thinking of it as an act to be performed at the time or at some future time.

"The law presumes that every sane person intends and contemplates the natural, ordinary and usual consequences of his own voluntary acts, unless the contrary appears from the evidence; or, to state the proposition differently, it is a well-settled rule of law that a man, a voluntary agent acting upon motives, must be presumed and held to intend and contemplate the natural and probable consequences of his own acts."

The intent to defraud was a definite; integral part of the crime alleged in the indictment. It was not a question of general intent. It was a specific intent that must be proved. To permit such a presumption as that suggested by the court to prevail, is to precipitate a collision of presumptions which can only bring confusion to the minds of the jurors. The defendant is at all times presumed to be innocent. This presumption applies to every necessary and specific element of the case of the state. To say, therefore, that having proved all the other elements of the crime that a presumption of guilt as to the final element of intent exists is to state a confusing contradiction which even in the minds of those skilled in the law would be an anomaly. See 1 R.C.L., page 65, §3. 8 R.C.L., page

61, §11. Crobaugh et v State of Ohio, 45 Oh Ap, 410-417, (12 Abs 404).

The charge was erroneous as applied to the facts of this case, and constituted error prejudicial to the rights of the plaintiff in error.

Our conclusion upon these assignments of error renders it unnecessary to consider other assignments.

The plaintiff in error is entitled to a discharge, and a judgment may be made accordingly.

HAMILTON, PJ, concurs.
WILLIAMS, J, concurs in judgment.