The State of Ohio, Appellee, *v.* Conrad, Appellant.

(No. 444—Decided July 16, 1969.)

*Mr. George F. Burkhart,* prosecuting attorney, for appellee.

*Mr. Allan Sherry,* for appellant.

Lynch, P. J. Defendant, appellant herein, filed a motion to permit the correction of the bill of exceptions by appending thereto excerpts from the closing argument of the prosecuting attorney, which included the following statement: "I believe that the defendant is guilty," to which counsel for defendant objected.

Plaintiff, appellee herein, filed a motion to permit the filing of a complete bill of exceptions, because defendant had only filed a partial bill of exceptions consisting of part of the closing argument of the prosecuting attorney.

Defendant contends that the above statement of the prosecuting attorney is per se prejudicial, while the prose-

cuting attorney contends that such statement should be considered in connection with the entire record.

The statement of the prosecuting attorney to the jury on closing argument expressing his personal opinion or belief in the guilt of the accused in such a manner that the jury may understand that such opinion or belief is based on information or an investigation outside the evidence is misconduct highly prejudicial to the accused and is reversible error. *State* v. *Thayer*, 124 Ohio St. 1, 75 A. L. R. 48.

However, if no objection is made to such statement, it is too late to raise the question for the first time in an appellate court. Where such court does not have before it the arguments to the jury of defendant and his counsel as well as the argument about which complaint is made for the first time in the Court of Appeals, such appellate court is not in position to say that it affirmatively appears from the record that the accused was prejudiced thereby, or was prevented from having a fair trial under the provisions of Section 2945.83, Revised Code. *State* v. *Nevius*, 147 Ohio St. 263.

In the instant case, the record indicates that the prosecuting attorney based his opinion on the guilt of the accused solely on the evidence presented in the case, and counsel for defendant made timely objection thereto. The issue, then, is the propriety of such a statement under these circumstances.

There is a division of authority as to the propriety of the prosecuting attorney expressing his personal opinion or belief as to the guilt of the accused when such opinion or belief is based solely on the evidence. The general rule is that it is permissible for the prosecuting attorney to argue or express his opinion or belief that the accused is guilty where he states, or it is apparent, that such opinion or belief is based solely on the evidence. *Abney* v. *State*, 20 Ohio Law Abs. 296; *Jones* v. *State*, 11 Ohio App. 441; *Straub* v. *State*, 5 C. C. (N. S.) 529, at pages 536-537, 27 C. D. 50; 23A Corpus Juris Secundum 195, Criminal Law, Section 1104; 50 A. L. R. 2d 775.

However, there are Ohio Court of Appeals decisions that state that a prosecuting attorney is not entitled to express his personal belief in the guilt of the accused. *State* v. *Young*, 7 Ohio App. 2d 194, at page 197; *State* v. *Cloud*, 112 Ohio App. 208; *Weitz* v. *State*, 48 Ohio App. 421.

The members of this court are inclined to follow the general rule, that it is permissible for the prosecuting attorney to argue or express his opinion or belief that the accused is guilty where he states, or it is apparent, that such opinion is based solely on the evidence.

However, in view of the present situation of Ohio law on this issue, we hold that where the prosecuting attorney makes a statement to the jury on closing argument expressing his personal opinion or belief in the guilt of the accused based solely on the evidence presented in the case, an examination of the entire record in the case, including the closing argument of the counsel for accused, must be made to determine whether such statement is prejudicial.

The motions of defendant and plaintiff as to supplemental bill of exceptions are sustained.

*Motions sustained.*

O'NEILL and JOHNSON, JJ., concur.