The State of Ohio, Appellee, v. Brand, Appellant.

(No. 37039—Decided March 16, 1978.)

*Mr. John T. Corrigan*, prosecuting attorney, for Appellee.

*Mr. Donald S. Tittle*, for Appellant.

Day, J. Defendant-appellant Carl Brand (defendant) was indicted on three counts of gross sexual imposition (R. C. 2907.05[A][3]). The case was tried to a jury on September 14, 1976. The jury found the defendant guilty as charged.

The convictions arose out of incidents on October 8 and 9, 1975. Complainants Barbara Engle, Linda Marcella, and Angie Bell were all under the age of 13 at that time. This is the undisputed evidence:

On October 8, 1975, at about 4 p. m., the defendant approached Angie and Barbara at their school playground. He spoke to Angie and then sat on the edge of the slide. When Barbara slid down, he held her by the thigh and said, "Get a little closer." A few minutes later, Barbara told Angie that she wanted to go home and the two girls left.

The next afternoon, Angie and Linda were walking to Angie's house when the defendant called to them from the porch of his house. He made verbal advances to the girls and told them to come over. When they refused, he

came down to the sidewalk. He grabbed Linda by the breast. He also grabbed Angie by the thigh. Linda pulled Angie loose and they ran away. Angie's mother then called the police.

The record reveals that defendant and the complainants lived in the same neighborhood. The girls had occasionally talked with defendant when they passed his house on the way to school. Barbara testified that the defendant usually looked like he had been drinking and that he appeared to be drunk on October 8.

The police arrested defendant at his home on October 9, 1975. His attitude was very casual and he did not seem to recognize the seriousness of the offense which caused his arrest.

The trial court sentenced the defendant to 3-10 years on each count, with the sentences to be served consecutively. Defendant filed a timely appeal and assigned three errors.

*Assignment of Error No. I:*

"The Misconduct of the Prosecutor Denied Appellant a Fair Trial."

This assignment is based on two comments made by the prosecutor to the jury during closing arguments:

"* * * But it is my opinion that those acts [by the defendant] were of a very serious nature and that in fact the law in the State of Ohio is designed to protect the people from just exactly the kind of conduct that I believe we have proven beyond a reasonable doubt took place in this instance.

"I believe that the law is intended to protect the integrity of young girls' bodies from even a mere touching. * * * I don't think there is any doubt that those young girls were telling the truth." (Bracketed material added.)

Appellant contends initially that the last sentence prejudiced defendant's right to a fair trial because it was an expression of the prosecutor's personal belief on the issue of guilt.

The purpose of closing arguments is to aid the jury in analyzing the evidence that has been presented to them, *State* v. *Cloud* (1960), 112 Ohio App. 208, 217. While both

counsel are given "wide latitude" in the content of their statements, it is improper for the prosecutor to interject issues that are not supported by the evidence, see *State* v. *Stephens* (1970), 24 Ohio St. 2d 76, 82, and *State* v. *Carver* (1971), 30 Ohio App. 2d 115, 129, *affirmed* 30 Ohio St. 2d 280, 291, *certiorari denied*, 409 U. S. 1044.

One such extraneous issue is whether the prosecutor personally believes the defendant to be guilty. A comment to this effect is improper because it may lead the jury to speculate that the prosecutor is basing his opinion on additional information not brought out at trial, *State* v. *Conrad* (1969), 19 Ohio App. 2d 82, 83. A comment that violates this principle is not prejudicial *per se*, but rather is tested under this standard:

"* * * In those instances where personal opinions of guilt are predicated upon the evidence, though frowned upon, they are *not* deemed to be *prejudicially erroneous.* Where opinions are expressed on facts outside the evidence, or are predicated on inferences based upon facts outside the evidence, such opinions have not been countenanced and the judgments in those cases have been reversed upon appeal." (Emphasis added.) *State* v. *Stephens* (1970), 24 Ohio St. 2d 76, 83.

In the instant case, the prosecutor did err in saying that he believed that the complainants had told the truth. The inference of such a comment is, of course, that the defendant was guilty. Under the rule of *State* v. *Stephens, id.*, the error was not prejudicial because the prosecutor proceeded to make specific reference to the testimony of the witnesses. This testimony was unrebutted.

Appellant's second contention is that the prosecutor improperly called for a conviction to vindicate the general interests of society when he stated that the law was intended to "* * * protect the integrity of young girls' bodies. * * *"

In *State* v. *Carver* (1971), 30 Ohio App. 2d 115, 129, the court stated this test for determining whether a general reference to outside considerations is prejudicial error:

"* * * Did the remarks of the assistant prosecutor na-

turally induce the jury to judge the case by considerations not presented in, or suggested by, the evidence? The remarks of the prosecuting attorney must be prejudicial to the defendant in order to be made the basis for a new trial. * * *"

The prosecutor's comment here was not such that it would "naturally induce" the jury to render a judgment based on outside factors. This conclusion is supported by the fact that the trial court gave a cautionary instruction to the jury both before and after the arguments that remarks of counsel were not evidence. On the basis of these facts, the comments did not constitute reversible error.

Assignment of Error No. I is not well taken.

*Assignment of Error No. II*:

"Appellant's Sentence Violates the Cruel and Unusual Punishment Clause."

One may solidly disapprove of sexual advances to children without justifying the possible 30-year sentence imposed in this case, see *Coker* v. *Georgia* (1977), 433 U. S. 584, 53 L. Ed. 2d 982, 989. But if we assume that the court had good reason to sentence as severely as it did, and it clearly acted within its statutory authority, there is a flaw in the statute which requires that this case be remanded for further proceedings.[1]

R. C. 2947.25(A) provides for a mandatory presentence psychiatric examination when a person has been convicted of certain sex offenses.[2] The specified offenses range from rape, a first degree felony, to voyeurism, a third degree misdemeanor. The crime of gross sexual im-

---

[1]This court notices the error under App. R. 12(A).

[2]"§2947.25 Psychiatric examination before sentence.

"(A) After conviction and before sentence, a trial court shall refer for examination all persons convicted of a violation of section 2907.02 or 2907.03 of the Revised Code, a felony violation under section 2907.04 of the Revised Code, a violation of section 2907.07, or 2907.08 of the Revised Code, or a felony violation under section 2919.22 of the Revised Code, and all persons convicted of abusing, beating, torturing, starving, or otherwise causing physical injury to a child to the department of mental health and mental retardation or to a state facility designated by the department, or to a psychiatric clinic approved by the department, or to three psychiatrists."

position—a third degree felony under the facts of this case —is not included. A trial court may in its discretion refer certain other offenders for examination. R. C. 2947.25(B).[3]

On its face, this statutory scheme violates the Equal Protection Clause of the United States Constitution. The constitutional infirmity lies in the fact that persons convicted of certain sex offenses are entitled to pre-sentence psychiatric examination while other sex offenders do not have this right. We can perceive no rational basis for the distinction.

The classification found in R. C. 2947.25 cannot be based on the nature of the offense because conviction of certain contact sex crimes (p. e., rape) affords the right to a hearing while conviction of others does not (p. e., sexual imposition and gross sexual imposition). Neither is the classification based on the potential severity of the sentence. For a defendant convicted of a fourth degree misdemeanor (importuning, R. C. 2907.07[C]) is entitled to an examination while a defendant convicted of a third degree felony (gross sexual imposition, R. C. 2907.05) is not.

Moreover, the legislative distinction is not based on the age of the victim. R. C. 2907.04 corruption of a minor prohibits engaging in sexual conduct with a person who is between the ages of twelve and fifteen. If the offender is more than four years older than the victim, the defendant is entitled to a psychiatric examination. R. C. 2907.05(A) (3) gross sexual imposition is also intended to protect minors; it prohibits sexual contact with children under the age of thirteen. One who transgresses this prohibition, however, does not get a presentence examination under the present wording of the statute.

It is apparent that the statute provides for disparate

[3]Section 2947.25(B) reads:

"Prior to sentence the court may refer for such examination any person who has been convicted of any felony except murder in the first degree where mercy has not been recommended, or any misdemeanor when it has been suggested or appears to the court that such person is mentally ill, or a mentally retarded offender or a psychopathic offender. * * *"

post-conviction treatment of sex offenders without having a rational basis for the discrimination. Because the Fourteenth Amendment affords protection at this point in the criminal process as well as in the pre-conviction stages, the classification cannot stand as written, see *Tate* v. *Short* (1971), 401 U. S. 395, 397-399.

We are mindful, however, of the principle that a court must strain to uphold the constitutionality of a statute, *United States* v. *Harriss* (1954), 347 U. S. 612, 618. In addition, there is a presumption that the legislature intended to comply with the constitution when it enacted this statutory scheme, R. C. 1.47(A). Because the legislature must have intended even-handed treatment of all persons similarly situated, we hold that a defendant convicted of gross sexual imposition is entitled to a pre-sentence psychiatric hearing.

In the instant case, defendant-appellant's motion for a *pre-trial* psychiatric examination was granted. The resulting report, if any, is not contained in the record. There is no indication that the trial court reviewed and considered any such report prior to sentencing. Accordingly, the defendant's sentence is vacated and the cause is remanded to the lower court so that the defendant may be referred for psychiatric examination prior to resentencing.

Assignment of Error No. II is well taken.

*Assignment of Error No. III:*

"Ohio Revised Code §2907.05, Gross Sexual Imposition, is Void for Vagueness."

The defendant was charged and convicted under R. C. 2907.05(A)(3), which provides:

"§2907.05 Gross sexual imposition.

"(A) No person shall have sexual contact with another, not the spouse of the offender, when any of the following apply: * * *

"(3) The other person is less than thirteen years of age, whether or not the offender knows the age of such person."

The phrase "sexual contact" is defined in R. C. 2907.-01, which reads in relevant part:

"§2907.01 Definitions. As used in sections 2907.01 to 2907.37 of the Revised Code:" * * *

"(B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if such person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

It is a basic tenet of Due Process that a statute must be sufficiently clear to give a person of ordinary intelligence adequate notice of the prohibited behavior, *United States* v. *Harriss, supra* at 617; *Columbus* v. *Rogers* (1975), 41 Ohio St. 2d 161, 164.

However, a statute that may skirt this principle will not be struck down in all factual situations. For

"* * * if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise." *United States* v. *Harriss, id.,* at 618.

The defendant argues that the phrase "erogenous zone"—Section 2907.01(B) as incorporated into Section 2907.05—is so imprecise as to render the statute void for vagueness. However, we need not reach that issue. The evidence in this case established that the defendant's crime consisted of touching a thigh and a breast. These two parts of the body are specifically included in the statutory definition of "erogenous zone," R. C. 2907.01(B). Therefore, the prohibition was perfectly clear. The statute is constitutional as applied.

Assignment of Error No. III is not well-taken.

The sentence is vacated. Cause remanded for psychiatric report and re-sentencing thereafter.

*Judgment reversed.*

CORRIGAN, C. J., and KRENZLER, J., concur.