JOURNAL ENTRY AND OPINION
Defendant-appellant, Nathaniel Hill, appeals the decision of the Cuyahoga County Common Pleas Court convicting him of and sentencing him for (1) aggravated burglary; (2) aggravated robbery; (3) disrupting public service; and (4) having a weapon while under disability after a jury found him guilty of these offenses. For the reasons that follow, we affirm.
The record reveals that a five-count indictment was returned against appellant in case number CR-402801 charging appellant with (1) aggravated burglary, in violation of R.C. 2911.11; (2) two counts of aggravated robbery, in violation of R.C. 2911.01; (3) disrupting public service, in violation of R.C. 2909.04; and (4) having a weapon while under disability. All counts contained firearm specifications. The indictment alleged that appellant, carrying a firearm, entered the home of Annette Thompson on October 17, 2000 and stole approximately $800 and a DVD player after first cutting the phone lines servicing the Thompson residence.
In case number CR-406773, a three-count indictment was returned against appellant charging him with (1) aggravated burglary; (2) aggravated robbery; and (3) kidnaping, in violation of R.C. 2905.01. The events giving rise to this indictment occurred approximately four months later, on February 18, 2001, and involved allegations that appellant, again carrying a firearm, entered the home of Princess Williams and stole approximately $100. Both cases were joined for trial over the objection of appellant.
The case proceeded to jury trial and appellant was found guilty on all counts and specifications in case number CR-402801, with the exception of the three-year firearm specification contained in the disrupting-public-service charge. Appellant was found not guilty on all counts in case number CR-406773. The trial court ultimately sentenced appellant to a total of 12 years imprisonment; three years on the merged firearm specifications to be served prior to and consecutive to the nine-year concurrent terms on the charges for aggravated burglary and aggravated robbery and the one-year concurrent terms on the disrupting-public-service and having-a-weapon-while-under-disability charges.
Appellant is now before this court and assigns six errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court erred by joining for trial, over defense objection, the two aforementioned cases for trial.
In general, the law favors joining multiple offenses in a single trial if the offenses charged are of the same or similar character. State v. Lott (1990), 51 Ohio St.3d 160, 163. Crim.R. 13 provides as much and permits a court to order two or more indictments * * * to be tried together, if the offenses * * * could have been joined in a single indictment * * *. Consequently, joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense. State v. Czajka (1995), 101 Ohio App.3d 564, 577-578. Nonetheless, if it appears that a criminal defendant would be prejudiced by such joinder, then the trial court is required to order separate trials. Crim.R. 14. It is the defendant, however, who bears the burden of demonstrating prejudice and that the trial court abused its discretion in denying severance. State v. Coley, 93 Ohio St.3d 253, 2001-Ohio-1340; see, also, State v. LaMar, 95 Ohio St.3d 181, 191-192, 2002-Ohio-2128.
Prior to trial, the state in this case moved to try the two indictments together or, alternatively, to put the court on notice that it intended to introduce evidence pertinent to each case as other acts evidence under Evid.R. 404(B) should the court deny the motion and try each case separately. Appellant opposed the motion, arguing that the two cases were so dissimilar and the events so remote in time that the cases could not have been properly joined in a single indictment. While the court granted the state's motion, appellant did not renew his opposition to the joinder of these indictments for trial either at the close of the state's case or at the conclusion of all evidence. Appellant's failure to do so constitutes a waiver of any previous objection to the joinder of these offenses for trial. State v. Owens (1975), 51 Ohio App.2d 132, 146; State v. Fortson (Aug. 2, 2001), Cuyahoga App. No. 78240.
Even if appellant had renewed his objection to joinder, we are not persuaded that appellant suffered prejudice as a result of the joinder. Prejudice is not demonstrated if one offense would have been admissible as other acts evidence under Evid.R. 404(B) or if the evidence of each crime joined at trial is simple and direct. Lott, 51 Ohio St.3d at 163. As long as used for purposes other than proving that the accused acted in conformity with a particular character trait, Evid.R. 404(B) permits the admission of other acts evidence if it is related to and share[s] common features with the crime in question. State v. Lowe (1994),69 Ohio St.3d 527, paragraph one of the syllabus.
In this regard, appellant urges this court to find that the facts of the two cases are too dissimilar to support their joinder. Further, appellant implies that because he was found not guilty of the offenses against Princess Williams, evidence that he was charged with but not convicted of those offenses would have been inadmissible in the trial of the offenses against the Thompsons. Nonetheless, even if this evidence would have been inadmissible on this basis, this court believes the evidence as to each case was simple and direct and capable of being segregated. In fact, the evidence was sufficiently segregated for the jury to be able to find appellant guilty on all counts in the case involving the Thompsons but not guilty in the case involving Princess Williams. The jury was able to discern the evidence on each charge and did not appear to be influenced by the cumulative evidence against the appellant. See, e.g., State v. Townsend, 6th Dist. No. L-00-1290, 2002-Ohio-2289, 2002 Ohio App. Lexis 1633. We see no abuse of discretion.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant claims that his trial counsel was ineffective for several reasons and that ineffectiveness denied him a fair trial.
In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. at 694.
 A.
Appellant argues that his counsel was ineffective when counsel failed to object at four specific times during trial.
 1. Voice Identification Testimony
Appellant contends that counsel was ineffective for failing to object to the lack of foundation provided for Lorenette's voice identification testimony or to cross-examine this witness as to her identification. Accuracy of voice identification is not an element of any crime, but an element of the foundation for the admission of voice-identification testimony. State v. Cook (1992), 65 Ohio St.3d 516, 526.
It appears from the record that appellant and several other individuals were in the Thompsons' front yard earlier on the evening of the offense and were rather loud. Apparently, appellant is a neighbor of the Thompsons. Antonio Thompson, at his mother's request, asked the group to quiet down upon which appellant's response was something to the effect that the Thompsons would regret disrespecting him. Lorenette Thompson was at the window of her home observing these events and heard appellant make that remark. She not only saw appellant but heard his voice. Consequently, it cannot said that this testimony was clearly insufficient to lay a foundation for Lorenette's voice identification of appellant.
Nonetheless, even if we were to find this foundation insufficient and that trial counsel should have objected to Lorenette's voice identification testimony, it is the identification of the perpetrator, not necessarily the perpetrator's voice, that must be proven beyond a reasonable doubt. Here, the state had other sources of identification of appellant, including eyewitness testimony. Id. Consequently, appellant is unable to demonstrate that the outcome of trial would have been different had his trial counsel objected to Lorenette's voice identification testimony.
 2. Prior Conviction Testimony
Appellant next contends that his trial counsel was ineffective for failing to object to Det. Willson's testimony regarding appellant's prior conviction. Appellant argues that counsel should have stipulated to the admission of the entry, which would have avoided any misleading testimony as to the nature of the prior conviction.
The parties did stipulate to appellant's prior conviction but the stipulation did not go on the record until after Det. Willson testified. It is possible that appellant's trial counsel decided rather late in the trial to agree to the stipulation or was at least equivocating until that point. Be that as it may, even if the record did support that the parties had previously stipulated to appellant's prior conviction and trial counsel thereafter did not object to the officer's testimony, we cannot say that the outcome of the trial would have been different without this testimony.
 3. Annette Thompson's Testimony
Appellant next claims that his trial counsel should have objected to Annette's statement that she knows appellant breaks[s] into people's houses. Appellant argues that this statement is hearsay. We disagree.
This statement was based on Annette's personal knowledge. She did not attribute that statement to anyone else or claim that she knew he broke into houses from what someone else had told her. She testified that she knew he broke into houses. How she came to this knowledge is not in the record. While the statement may have been prejudicial for other reasons, it does not qualify as hearsay and trial counsel cannot be said to be ineffective for failing to object on that basis.
 4. Antonio Thompson's Testimony
Appellant last contends that Antonio's statements to the effect that everybody on the street was saying that appellant was going to break into the Thompson house are hearsay and his trial counsel should have objected.
These statements are attributable to the statements of others and do constitute hearsay because they were offered to demonstrate that appellant was going to break into the Thompson home. See Evid.R. 801(C). Such statements were, therefore, inadmissible under Evid.R. 802 and trial counsel should have entered an objection.
Despite counsel's deficiency, however, we cannot say that the outcome of the trial would have been different without this testimony. Reiterating, there was eyewitness testimony placing appellant in the Thompson home and committing the offenses with which he was charged. The Constitution does not guarantee a perfect trial, only a fair one. Lutwak v. United States (1953), 344 U.S. 604, 619; see, also, United States v. Hasting (1983), 461 U.S. 499, 509. Looking at the trial record as a whole, we see no prejudice. Trial counsel, therefore, cannot be said to be ineffective despite this deficiency in performance.
 B.
Appellant next claims that his trial counsel was ineffective for failing to review the written statement of Princess Williams for material inconsistencies pursuant to Crim.R. 16(B).
Appellant, however, was acquitted of the charges involving Princess Williams. Consequently, appellant can demonstrate no prejudice from trial counsel's failure to review this statement.
 C.
Appellant contends that his trial counsel was ineffective for failing to subpoena a police officer, who was to serve as a defense witness, until the morning of trial and that, as such, the officer failed to appear on appellant's behalf.
Appellant fails to demonstrate to this court how this witness's testimony would have helped his case. Nonetheless, even if appellant could do so, it would be with evidence outside the record and more appropriately addressed in a petition for postconviction relief rather than on direct appeal.
 D.
Appellant next contends that his trial counsel was ineffective for failing to request a full hearing on the state's motion to join the cases for trial and then failed to renew the objection to joinder during trial.
Because we find no error associated with the joinder of the two cases against appellant as discussed in Section I, we cannot say that trial counsel was ineffective for failing to request a hearing on the state's motion or to renew appellant's objection to joinder during trial.
 E.
Lastly, appellant argues that the effect of these cumulative errors denied him a fair trial. Because we find no error associated with appellant's claims for ineffective assistance of counsel, there is no cumulative effect to likewise support such a claim.
Appellant's second assignment of error is not well taken and is overruled.
 III.
In his third assignment of error, appellant contends that the state engaged in improper closing argument thereby denying him a fair trial.
The role of an attorney in closing argument is to assist the jury in analyzing, evaluating and applying the evidence. State v. Brand (1978),56 Ohio App.2d 271, 272. Ordinarily, the state is entitled to some latitude and freedom of expression during its closing argument. State v. Maurer (1984), 15 Ohio St.3d 239, 266. The test for prosecutorial misconduct during closing argument is whether the comments were improper and, if so, whether they prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13, 14; State v. Landrum (1990), 53 Ohio St.3d 107, 111. To determine prejudice, the record must be reviewed in its entirety. State v. Lott, 51 Ohio St.3d 160, 166.
Appellant claims that the prosecutor's statement implying that appellant may have been under the influence of drugs at the time these offenses were committed deprived him of a fair trial. While it is true that the prosecutor stated, [w]e don't know what is going on in his mind, what substances are going through his mind, it cannot be said unequivocally that this comment supports the insinuation that appellant may have been under the influence of drugs. Even if that inference is made, however, we are unwilling to conclude that this comment, in isolation, sufficiently prejudiced appellant so as to deny him a fair trial.
Appellant also argues that the prosecutor made gratuitous comments regarding the veracity of defense counsel to the effect that is defense counsel's job to twist it around, to obfuscate it, to make you wonder, `Is that what I heard?'. Appellant correctly points out that it is improper to denigrate the role of defense counsel to the jury by making gratuitous comments regarding that counsel's veracity. See State v. Smith (1998), 130 Ohio App.3d 360, 368-369. The excerpted statement, however, does not rise to the level of insinuating that defense counsel was less than truthful. On the contrary, the prosecutor's comments merely suggest that defense counsel sought to demonstrate that there was reasonable doubt as to appellant's culpability. Even if these comments could be construed to attack defense counsel's veracity, we do not find that, viewing the prosecutor's comments in the context of not only the entire closing argument but the trial as a whole, the comments prejudiced appellant to the extent that he was denied a fair trial.
Appellant's third assignment of error is not well taken and is overruled.
 IV.
In his fourth assignment of error, appellant claims that the state's evidence was insufficient to support the jury's finding of guilty on the charges against him and that, as such, appellant's Crim.R. 29 motion for acquittal should have been granted.
Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal if the evidence is insufficient to sustain a conviction * * *. When reviewing whether there exists sufficient evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
 A.
Appellant claims that there was insufficient evidence identifying him as the perpetrator of the crimes involving the Thompson residence. In particular, he argues that it was only Lorenette, the 14-year-old daughter of Annette Thompson, who was able to identify appellant as the perpetrator. Neither Annette Thompson nor her 17-year-old son, Antonio, were able to identify appellant as the masked individual who entered their home.
While it is true that it was only Lorenette who identified appellant as that individual, she was able to do so not only because the individual became unmasked during the intrusion into their home but she was also able to identify him because she had recognized his voice. Appellant was a neighbor with whom Lorenette was acquainted. Thus, when she identified appellant as the perpetrator, she was not only able to recognize appellant's physical features but his voice as well.
Appellant argues that because Lorenette testified that it was dark in her bedroom when the masked individual entered, she was unable to clearly identify appellant as that individual. While it is true that Lorenette testified that it was dark and that her view was not clear, she also testified that she was not going to say it was no clear view, implying that there was sufficient light to identify appellant. Moreover, she was able to identify not only his physical features but his voice as well. In this regard, appellant argues that there was no testimony regarding voice recognition or how it was that Lorenette was able to recognize appellant's voice. Lorenette had observed appellant in her front yard, however, and heard his voice only hours earlier. The test for insufficiency is whether the testimony, if believed, could support a conviction for the offense with which a defendant is charged. In this case, the jury apparently believed Lorenette's testimony and that testimony was sufficient to sustain appellant's convictions. Appellant's argument fails.
 B.
Appellant next contends that the state failed to present sufficient evidence to support that a firearm was used in the commission of these offenses. R.C. 2923.11(B)(1) defines firearm as any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. It includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable. Id.
Consequently, it is well established that the state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a criminal defendant can receive the penalty enhancement authorized under R.C. 2929.14(D). Nonetheless, operability can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which may include any implicit threat made by the individual in control of the firearm. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph one of the syllabus; State v. Murphy (1990), 49 Ohio St.3d 206, syllabus.
In this case, Antonio Thompson testified that a gun was pointed at his head while his mother, Annette Thompson, testified that the assailant threatened to blow Antonio's head off unless she gave the assailant money. Certainly this testimony supports that the firearm was operable beyond a reasonable doubt.
 C.
Lastly, appellant argues that there was insufficient evidence to support his conviction for having a weapon while under disability. In particular, he claims that there was no evidence of any prior conviction.
R.C. 2923.13 governs the having-a-weapon-while-under-disability offense and provides that no person shall knowingly acquire, have, carry, or use any firearm * * * if * * * [t]he person is under indictment for or been convicted of any felony of violence * * *. R.C. 2923.13(A)(2). The indictment in this case alleges that appellant had been convicted of aggravated assault, in violation of R.C. 2903.12, in April 1998.
A certified journal entry of this conviction was introduced at trial through the testimony of Detective Nathan Willson. Appellant claims that because there was no testimony supporting that he was the same Nathaniel Hill named in the journal entry of conviction, there was insufficient evidence to support the prior conviction element of the having-a-weapon-while-under-disability charge. Appellant's argument is disingenuous at the very least. There was no objection to the introduction of the judgment of conviction or any intimation that appellant was not the same individual named in that entry. Moreover, it appears that appellant stipulated to the April 1998 conviction. We see no error.
Because there existed sufficient evidence for the jury to find appellant guilty of the offenses for which he was convicted, the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal. Appellant's fourth assignment of error is not well taken and is overruled.
 V.
In his fifth assignment of error, appellant claims that the verdict was against the manifest weight of the evidence.
A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins (1997),78 Ohio St.3d 380, 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant again argues that Lorenette's identification of appellant was unreliable. As discussed in Section IV, Lorenette's testimony was that she was able to identify appellant even though it was dark not only by his physical features but his voice as well. We do not find her testimony to be incredible.
Appellant also argues that the evidence is contradictory and unreliable in several other aspects. In particular, appellant claims that there are material variations regarding the sequence of events as testified to by Annette, Antonio and Lorenette. While these variations may exist, they are not material. Their respective recollections as to the specific sequence of events may differ somewhat but these inconsistencies do not take away from the fact that an intruder entered the Thompson residence with a gun and stole property belonging to them and that that intruder was later identified as appellant.
We, therefore, cannot say that the jury lost its way in resolving the conflicting testimony so as to warrant a new trial. Appellant's fifth assignment of error is not well taken and is overruled.
 VI.
In his sixth assignment of error, appellant argues that the trial court erred in imposing more than the minimum sentence without making the appropriate findings required by statute.
A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant was convicted of one count of aggravated burglary and two counts of aggravated robbery, all first degree felonies. If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of three, four five, six, seven, eight, nine, or ten years is required for first degree felonies under R.C. 2929.14(A)(1).
The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. See R.C. 2929.11. Nonetheless, if an offender has not previously served a prison term, the court is required to impose the shortest prison term authorized for the offense, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. See R.C. 2929.14(B).
In sentencing appellant, the trial court merely stated that appellant had a prior criminal history, which goes back to 1985 as a juvenile * * *, and thereafter sentenced appellant to the nine-year concurrent terms of imprisonment for the aggravated burglary and aggravated robbery charges. Appellant claims that since there is nothing in the record to support that appellant had previously served a prison term, the trial court should have imposed the shortest term of imprisonment. We disagree.
The trial court had before it appellant's presentence investigation report, which not only detailed appellant's past criminal record but also listed the penalties associated with each conviction. Of those convictions occurring when appellant was an adult, he was sentenced to (1) one and one-half years imprisonment for trafficking in drugs in 1993; (2) six months imprisonment for carrying a concealed weapon in 1997; (3) six months imprisonment for aggravated assault in 1997; (4) twelve months imprisonment for having a weapon while under disability in 1998; (5) six months imprisonment for escape in 1999; and (6) seven months imprisonment for preparation of drugs for sale in 2000.
Thus, it cannot be said that the trial court erred in sentencing appellant to more than the minimum sentence since a minimum sentence was not justified under R.C. 2929.14(B). Appellant's sixth assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.