JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jonathan Allen, appeals the judgment of the Cuyahoga County Common Pleas Court that convicted and sentenced him for burglary and possession of criminal tools. For the reasons that follow, we affirm in part, vacate in part and remand for resentencing.
 {¶ 2} The record reveals that appellant broke into a Cleveland Heights residence that had recently been leased by four college women, two of whom were in the home at the time. Shortly before the break-in, the women noticed that they were without electrical power. When they heard loud banging at their front door, the women barricaded themselves in one of the bedrooms and called police from a cell phone. Appellant was eventually found in the basement of the home by Cleveland Heights Police officers who arrived shortly thereafter. Found in appellant's possession were a knit cap, a roll of masking tape, a flashlight and a white sock.
 {¶ 3} Thereafter, a seven-count indictment was returned against appellant charging him with (1) two counts of aggravated burglary, in violation of R.C. 2911.11; (2) two counts of burglary, in violation of R.C. 2911.12; (3) assault, in violation of R.C. 2903.13; (4) disrupting public services, in violation of R.C. 2909.04; and (5) possession of criminal tools, in violation of R.C. 2923.24. Appellant was 16 years old at the time.
 {¶ 4} A bind-over hearing was held in juvenile court in accordance with R.C. 2151.26(C) and appellant's case was transferred to the general division. At the jury trial that followed, the trial court dismissed the charges for aggravated burglary. Nonetheless, appellant was found guilty of the two burglary charges and the possession-of-criminal-tools charge. He was found not guilty, however, of disrupting public services. Appellant was subsequently sentenced to eight- and five-year terms of imprisonment on each of the burglary convictions and to a one-year prison term on the possession-of-criminal-tools conviction. All sentences were to run consecutively for a total of 14 years imprisonment.
 {¶ 5} Appellant is now before this court and assigns three errors for our review. We address these assigned errors out of turn for ease of discussion.
 Prosecutorial Misconduct {¶ 6} In his second assignment of error, appellant contends that his convictions must be reversed because of prosecutorial misconduct during closing argument.
 {¶ 7} The role of an attorney in closing argument is to assist the jury in analyzing, evaluating and applying the evidence. State v. Brand
(1978), 56 Ohio App.2d 271, 272. Ordinarily, the state is entitled to some latitude and freedom of expression during its closing argument.State v. Maurer (1984), 15 Ohio St.3d 239, 266. The test for prosecutorial misconduct during closing argument is whether the comments were improper and, if so, whether they prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13,14; State v. Landrum (1990), 53 Ohio St.3d 107, 111. To determine prejudice, the record must be reviewed in its entirety. State v. Lott,51 Ohio St.3d 160, 166. The focus, however, is on the fairness of the trial and not the culpability of the prosecutor. Smith v. Phillips
(1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78, 87.
 {¶ 8} Appellant claims that the prosecutor's statement regarding the failure of appellant's counsel to say that his client was innocent justifies reversal under State v. Keenan (1993), 66 Ohio St.3d 402. InKeenan, the court stated:
 {¶ 9} "The prosecutor's rebuttal argument insinuated even more strongly that defense counsel thought Keenan guilty: `Not once did they tell you their client was innocent. Not once did they tell you to find him not guilty.' The personal opinion of defense counsel of their client's guilt or innocence is no more relevant than the opinion of the prosecutor. Yet, if the jury believes that even the defendant's own advocates think him guilty, that belief will naturally carry great weight in their deliberations. The jury is also likely to resent defense counsel's perceived insincerity." Id. at 406.
 {¶ 10} The Keenan court found this statement, along with several other comments made and other conduct exhibited during trial, to be prejudicial error requiring the reversal of Keenan's convictions. Id. at 410, 413.
 {¶ 11} The effect of an improper statement, however, must be considered in the context of the entire trial in determining prejudice. Id., citing Donnelly v. DeChristoforo (1974), 416 U.S. 637, 643-645,94 S.Ct. 1868, 40 L.Ed.2d 431. An isolated incident in an otherwise properly tried case cannot serve as a basis for reversal. Id. at 643-645. On the other hand, misconduct that is a part of "a protracted series of improper arguments" can rise to the level of prejudicial error. State v. Keenan,66 Ohio St.3d at 410.
 {¶ 12} Unlike Keenan, the prosecutor's improper statement in this case was an isolated incident. Having reviewed the entire trial transcript, we are unable to find other misconduct that would indicate a pattern of indifference to the due process rights of appellant. On the contrary, the parties and their counsel, for the most part, conducted themselves with the utmost decorum and professionalism. Viewed in this context, we see no prejudicial error despite the impropriety of the prosecutor's comment.
 {¶ 13} Appellant's first assignment of error is not well taken and is overruled.
 Sentencing {¶ 14} Appellant's first and third assignments of error challenge the sentence imposed and, therefore, will be discussed together.
 {¶ 15} In general, a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C.2953.08(G). In this case, appellant was convicted of burglary, which is a second degree felony pursuant to R.C. 2911.12(C), and possession of criminal tools, which is a fifth degree felony pursuant to R.C. 2923.24(C). If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of two, three, four, five, six, seven or eight years is required for a second degree felony under R.C. 2929.14(A)(2) while a definite term of six, seven, eight, nine, ten, eleven or twelve months is required for a fifth degree felony under (A)(5) of that same statute.
 {¶ 16} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
 {¶ 17} "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 Consecutive Sentences/Multiple Count Statute {¶ 18} In his first assignment of error, appellant argues that the trial court erred when it convicted and sentenced him to both counts of burglary when they should have merged for sentencing purposes under R.C.2941.25.
 {¶ 19} Ohio's multiple-count statute, R.C. 2941.25, evinces the legislature's "intent to permit cumulative sentencing for the commission of certain offenses." State v. Rance (1999), 85 Ohio St.3d 632, quotingState v. Bickerstaff (1984), 10 Ohio St.3d 62, 66. R.C. 2941.25(B) permits a criminal defendant to be punished for multiple offenses of dissimilar import. On the other hand, R.C. 2941.25(A) provides that a criminal defendant may be convicted of only one offense despite an indictment that includes charges for multiple offenses "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import * * *." Nonetheless, if a defendant commits offenses of similar import separately or with a separate animus, that defendant may be punished for both under R.C. 2941.25(B).
 {¶ 20} Offenses are of similar import if the elements of each crime in the abstract "correspond to such a degree that the commission of one crime will result in the commission of the other." State v. Rance,85 Ohio St.3d at 638, quoting State v. Jones (1997), 78 Ohio St.3d 12, 14. In this case, appellant was charged with two counts of burglary, in violation of R.C. 2911.12(A)(1), which provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense * * *."
 {¶ 21} When an offense is defined in terms of conduct toward another, then there is a dissimilar import for each person affected by the conduct. State v. Phillips (1991), 75 Ohio App.3d 785, 790, citingState v. Jones (1985), 18 Ohio St.3d 116, 118. In this regard, the state urges us to find the burglary offenses dissimilar because each woman experienced "systematic isolation and terror." However, the burglary statute at issue here is not defined in terms of conduct toward another person. On the contrary, it is the accused's entrance into an occupied structure when another person is present that defines the prohibited conduct. There is nothing in this language that proscribes any conduct toward the person or persons present in the structure. It is the mere presence of another individual after an unlawful entrance that is an element of the offense of burglary, not any harm toward that individual. Consequently, we are unpersuaded that these offenses are of dissimilar import. But for the inclusion of the women's names in each count, they are the same offenses. What becomes the issue then is whether the two burglary offenses were committed with a separate animus so that appellant may be punished for both. We think not.
 {¶ 22} The evidence indicates that appellant entered one residence for the purpose of committing a criminal offense. Because he was apprehended within that residence before any further offense was committed, there is nothing from which we can determine that he committed these crimes with a separate animus. Consequently, the trial court erred in convicting and sentencing appellant for both burglary offenses. See, e.g., State v. Harrison (Dec. 9, 1999), Cuyahoga App. No. 75294, 1999 Ohio App. Lexis 5908.
 {¶ 23} Appellant's first assignment of error is well taken and is sustained. We, therefore, vacate appellant's conviction for the second count of burglary.
 Maximum Sentence {¶ 24} In his third assignment of error, appellant challenges the trial court's imposition of the maximum eight-year sentence on his conviction for the first count of burglary.
 {¶ 25} R.C. 2929.14(C) authorizes the trial court to impose maximum prison terms for felony offenses upon offenders who commit the worst form of the offense, upon offenders who pose the greatest likelihood of recidivism, upon certain major drug offenders and upon certain repeat violent offenders. When the court does so, however, it must state its reasons on the record. R.C. 2929.19(B)(2).
 {¶ 26} After finding that the women suffered "serious emotional harm as a result of [appellant's] acts" and that appellant had a "prior history of delinquency convictions," the court stated:
 {¶ 27} "On Count 1 of the indictment that [appellant] serve a maximum period of incarceration of eight years. In making this finding the Court finds that this is absolutely the worst form of burglary that the Court has ever experienced in certainly eleven years on the bench. The fact that this was not in the Court's view an aggravated burglary, but simply in the Court's view a result of the fact that the victims were able to get the police on their cell phones, and there was physical harm threatened by the criminal tools in this case.
 {¶ 28} "Given the fact that we have this pattern of violence against women and terrorizing of women, the Court in addition finds that [appellant] poses the greatest likelihood of recidivism * * *."
 {¶ 29} The court thereafter discussed its reasons for imposing consecutive sentences for the two burglary convictions, which, by virtue of our disposition of appellant's first assignment of error, is not germane to our resolution of this assigned error. In closing, however, the court continued:
 {¶ 30} "* * * I'll indicate in conclusion this afternoon, I practiced ten years as a trial lawyer. I've been on the bench now for ten years as well. This is one of the most serious and heinous crimes potentially against people that I've encountered. I would join in the comments of counsel relative to the investigation the Cleveland Heights police did in this case."
 {¶ 31} Having reviewed the entire record in this case, including the testimony adduced at trial, we are unable to see how this case could be one of the worst forms of a burglary offense. To be sure, the women testified at length as to their fear not only on the night of the burglary but for some time thereafter, especially their fear of sexual assault. They moved out of the leased premises the next day. One woman entered counseling for a period of time. During the sentencing hearing, the trial court heard the impassioned pleas from the mayor of Cleveland Heights himself. He voiced his outrage that this criminal activity took place in his city and advocated for the maximum penalty.[1]
 {¶ 32} Although we acknowledge the fear experienced by these women, their fear alone does not justify the imposition of the maximum sentence in this case. Nor does the impassioned plea of a top-ranking city official. "[T]here is a natural tendency to overpunish any offender, no matter what he did, focusing only on the outrage and pain and not on the manner in which it was inflicted. But the sentencing statutes require that the sentencing authority look beyond the emotions aroused by the behavior and focus on the behavior itself." State v.Condon, 152 Ohio App.3d 629, 2003-Ohio-2335, at ¶ 113.
 {¶ 33} Focusing on appellant's behavior in this case, we cannot say that this behavior constitutes the worst form of burglary. Having reviewed several burglary cases where the maximum sentence was imposed and upheld on appeal, it appears to us that the offenders in such cases committed the offense of burglary in conjunction with other more serious crimes like rape, robbery and assault. See, e.g., State v. Butler, 7th Dist. No. 01 JE 34, 2003-Ohio-3468 (burglary and aggravated robbery with firearm specifications); State v. Brock (Nov. 3, 2000), 1st Dist. No. C-000085, 2000 Ohio App. Lexis 5079 (burglary and gross sexual imposition); State v. King (Aug. 9, 2000), 3rd Dist. No. 2-2000-13, 2000 Ohio App. Lexis 3561 (burglary, assault and theft);State v. Rone (June 23, 2000), 11th Dist. No. 99-A-0010, 2000 Ohio App. Lexis 2779 (burglary, rape and theft);State v. Taylor (Feb. 14, 2000), 12th Dist. No. CA99-02-024, 2000 Ohio App. Lexis 476 (burglary, vandalism and theft); State v. Rogers (Nov. 24, 1999), Cuyahoga App. No. 74988, 1999 Ohio App. Lexis 5583 (burglary and felonious assault).
 {¶ 34} Without diminishing or condoning appellant's conduct, appellant entered the home of the women, got scared and ran in the basement until found by the police. He did not say a word nor cause any harm to persons or property. When compared to other cases of burglary, appellant's behavior does not represent the worst form of that offense.
 {¶ 35} Similarly, we cannot say that appellant poses the greatest
likelihood of committing future crime. To be sure, appellant was adjudicated delinquent on charges of armed robbery when appellant was 14 years old and he and his family resided in Georgia. From those records, we note that appellant approached two women at knifepoint and demanded money. The Georgia court placed him under electronic monitoring supervision for a period of time but then released him. He was thereafter placed on probation until further order of that court. His family moved to Ohio the following year. There have been no other reports of delinquency or discipline problems at home or school. Educational records indicate that appellant functions below grade level and has participated in special education classes.
 {¶ 36} Although appellant's past criminal history, combined with his current offenses, could support the finding that he is likely to commit future crime, it does not necessarily support that he poses thegreatest likelihood of future criminal behavior. As stated by the Second Appellate District in State v. Schlecht, 2nd Dist. No. 2003-CA-3,2003-Ohio-5336, "that can be said of any defendant who has prior convictions." Id. at ¶ 31. On the other hand, the term "greatest likelihood" requires the court to determine not merely that recidivism is "likely" or "highly likely" but whether the offender is part of a very limited group of offenders "for whom hope of reformation seems extremely limited if not truly impossible, at least in the maximum time period of imprisonment available for the particular offense." State v. Steward, 4th Dist. No. 02CA43, 2003-Ohio-4082, at ¶ 27, quoting Griffin 
Katz, Ohio Felony Sentencing Law (2002 Ed.), Section 7.6.
 {¶ 37} We agree with the trial court that appellant's criminal history demonstrates some likelihood of recidivism. The record does not, however, support the court's finding that the greatest likelihood of recidivism is present. Appellant was sixteen years old when he committed the offenses for which he was sentenced and was a juvenile when he committed the other offenses in Georgia, which constitutes his entire criminal history. Furthermore, given that appellant has never served a prison sentence, we cannot conclude that the maximum sentence is necessary. As stated in Steward," the imposition of such a lengthy sentence on such a youthful offender may encourage rather than discourage future criminal conduct by [the defendant], causing [the defendant] to become a hardened career criminal rather than punishing him for his crimes but providing him a chance to turn his life around."
 {¶ 38} The same is true in this case. Appellant was 14 years old at the time of his juvenile offense and proved to be amenable to rehabilitation. It is true that a mere two years later he committed the instant offenses but, similar to the offenses committed in Georgia, appellant bumbled through each of these crimes, which demonstrates more his ignorance and lack of maturity than anything else. Given his age and this past criminal history, the imposition of the maximum sentence is unwarranted under the statute.
 {¶ 39} For the aforementioned reasons, we find the trial court's imposition of the maximum eight-year prison term for burglary to be contrary to law and, therefore, sustain appellant's third assignment of error as pertains to the imposition of the maximum prison sentence.
 Consecutive Sentences/Burglary and Possession of Criminal Tools {¶ 40} Appellant also challenges the imposition of consecutive sentences in his third assignment of error. Due to our disposition of appellant's first assignment of error, we confine our discussion to whether the trial court erred in ordering the sentence for burglary to run consecutive to the sentence for possession of criminal tools.
 {¶ 41} R.C. 2929.14 governs the imposition of prison terms for felony convictions and authorizes the imposition of consecutive sentences only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 42} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state these findings, and its reasons for those findings, on the record. See R.C.2929.19(B)(2)(c); see, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 20. "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21. Failure of a trial court to do so, constitutes reversible error. Id. at ¶ 23.
 {¶ 43} As pertains to appellant's sentence for possession of criminal tools, the trial court stated:
 {¶ 44} "* * * and finally on Court 4 of the indictment, the possession of criminal tools, again the Court takes (sic) its findings pursuant to 2929.13 relative to prior community control sanctions and finds criminal tools in this case being the tape, being the ski mask, being a flashlight in a home in which the power had been cut, this is the worst form of the offense of possessing criminal tools and sentences him therefore and takes into consideration again the fact that he was under a period of community control sanction, that the harm caused was great and unusual, and that consecutive sentences are necessary to fullfil (sic) the purposes of 2929.11 and are proportionate to the offense of seriousness. Sentences him to a consecutive period of incarceration on that count of one year."
 {¶ 45} As can be surmised from the excerpt above, the trial court did not comply with R.C. 2929.19(B)(2)(c) and 2929.14(E)(4) when it sentenced appellant to consecutive terms of imprisonment for the burglary and possession-of-criminal tools convictions. As pertains to the sentences imposed for these convictions, there is no consideration of whether consecutive sentences are necessary to protect the public or whether they are disproportionate to the seriousness of appellant's conduct. We note, however, that the trial court did undertake a cursory analysis of these statutory requirements when imposing consecutive sentences for the two burglary convictions. Even if we were to avoid elevating form over substance and find this undertaking sufficient under the statute as to the burglary and possession-of-criminal-tools convictions, it is insufficient under the Ohio Supreme Court's recent decision in Comer because the court failed to state any reasons for its findings but rather perfunctorily listed its findings only. Moreover, we find that the imposition of consecutive sentences for these convictions is inappropriate and contrary to law even if the trial court had complied with the dictates of R.C. 2929.19(B)(2)(c) and 2929.13(E)(4). As we discussed in Section II(B), appellant's conduct does not warrant the most severe sanction available to the court. As pertains to the analysis required for the imposition of consecutive sentences, we do not find that such a sentence is proportionate to the seriousness of appellant's conduct. To be sure, appellant unlawfully entered the home of these two women and, on remand, the trial court may sentence him to less than the maximum sentence within the range of the term of imprisonment consistent with the statute and our opinion herein. It is equally true that appellant had in his possession tools to assist him in committing a felony offense for which the court may similarly impose sentence. The conduct associated with this offense, however, does not warrant the imposition of consecutive sentences. That does not mean that appellant goes unpunished. On the contrary, a term of imprisonment proportionate to the offense or a sentence concurrent to that imposed for burglary satisfies the purposes of felony sentencing.
 {¶ 46} Appellant's third assignment of error is well taken and is sustained.
 Conclusion {¶ 47} Based on the foregoing analysis, we affirm appellant's conviction for the first count of burglary and possession of criminal tools. We vacate both the conviction and sentence for the second count of burglary. Having found the sentences imposed on the remaining convictions contrary to law, we vacate those sentences and remand for resentencing.
 {¶ 48} The judgment of the trial court is affirmed in part, vacated in part and remanded for resentencing.
Patricia A. Blackmon, P.J., and James D. Sweeney, J., concur.
James D. Sweeney, retired, of the Eighth District Court of Appeals, sitting by assignment.
It is ordered that appellee and appellant equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence consistent with the opinion herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Ordinarily, it is error to make statements at a sentencing hearing that express an opinion as to the length of sentence. SeeState v. Fautenberry (1995), 72 Ohio St.3d 435, 438-440.